[No. 38735. Department Two. March 21, 1968.]

COOK, FLANAGAN & BERST, *Respondents*, v. H. P. CLAUSING *et al., Appellants.*\*

*Kumm, Maxwell, Petersen & Lee,* by *F. Robert Lee,* for appellants.

*Davies, Pearson, Anderson & Pearson, Pinckney M. Rohrback,* and *Wayne J. Davies,* for respondents.

HUNTER, J.—This is an appeal from a judgment entered upon a jury verdict awarding attorney fees.

The issue framed by the defendants' answer to the plaintiffs' complaint, and by the defendants' counterclaim and

\*Reported in 438 P.2d 865.

plaintiffs' reply thereto, is whether the plaintiffs' attorneys negligently performed services, and if so, whether they were liable for damages resulting therefrom to the defendants.

The jury returned a verdict in favor of the plaintiffs, awarding them $4,500 for services performed, and necessarily found against the defendants on the malpractice issue.

The defendants' assignments of error are directed to three instructions given by the trial court on the issue of negligence, and to the failure of the court to give an instruction proposed by the defendants.

The defendants in their argument place primary emphasis upon the trial court's alleged error in giving instruction No. 16:

> An attorney is not liable for a mere error of judgment if he acts in good faith and in an honest belief that his acts and advice are well founded and in the best interest of his client. In the absence of an express agreement, an attorney is not an insurer or guarantor of the soundness of his opinion or of the successful outcome of litigation or of the validity of an instrument he is engaged to draft.

■ The defendants contend that the instruction is erroneous because it fails to qualify the statement, that an attorney is not liable for "a mere error of judgment if he acts in good faith and in an honest belief that his acts and advice are well founded and in the best interest of his client," with the proviso that such an error in judgment must itself fall short of negligence if the lawyer is to be protected from liability.

We agree. The instruction is patently misleading and standing alone is an incorrect statement of the law.

The plaintiffs argue, however, that this instruction is correct when considered with the other instructions given, particularly the trial court's instructions Nos. 12 and 13. This argument might have been tenable had those instructions been full and correct statements of the law. Instruction No. 12 reads:

> An attorney at law, when he enters into the employ of another person as such, undertakes that he possesses a

reasonable amount of skill and knowledge as an attorney, and that he will exercise a reasonable amount of skill in the course of his employment, but he is not ordinarily a guarantor of results and is not liable for the loss of a case unless such loss occurred by reason of his failure to possess a reasonable amount of skill or knowledge, or by reason of his negligence or failure to exercise a reasonable amount of skill and knowledge as an attorney.

█ We agree with the defendants that this instruction is also erroneous. It fails to set forth a standard for the degree of skill and knowledge that an attorney undertakes to exercise on behalf of his client. In a case based on an allegation of negligent malpractice, it is essential for the guidance of the jury that the court set forth in its instructions the applicable standard of conduct against which the actions complained of are to be measured.

█ The Restatement (Second) of Torts, § 299A (1965), states the standard as follows:

Unless he represents that he has greater or less skill or knowledge, one who undertakes to render services in the practice of a profession or trade is required to exercise the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities.

Prosser explains that:

Professional men in general, and those who undertake any work calling for special skill, are required not only to exercise reasonable care in what they do, but also to possess a *standard minimum of special knowledge and ability*. (Italics ours.) W. Prosser, Torts § 32, p. 164 (3d ed. 1964).

The standards of practice for lawyers in this jurisdiction as a qualification for the practice of law are the same throughout the state, and do not differ in its various communities. We therefore hold that the correct standard to which the plaintiff is held in the performance of his professional services is that degree of care, skill, diligence and knowledge commonly possessed and exercised by a reasonable, careful and prudent lawyer in the practice of law in this jurisdiction. See *Hodges v. Carter,* 239 N.C. 517, 80 S.E.

2d 144, 45 A.L.R.2d 1 (1954); *Theobald v. Byers,* 193 Cal. App. 2d 147, 13 Cal. Rptr. 864, 87 A.L.R.2d 986 (1961); 3 T. Shearman & A. Redfield, Negligence § 570 (rev. ed. C. Zipp 1941).

The plaintiffs, however, rely on *Ward v. Arnold,* 52 Wn.2d 581, 328 P.2d 164 (1958). That case did not involve an instruction to a jury and is not apposite.

Neither do we find that the following instruction, No. 13, corrects the errors of law we have discussed above with reference to instructions No. 16 and No. 12:

> You are instructed that an attorney is not to be held liable as for malpractice because of his choosing one of two or more methods of solution of a legal problem when the choosing is the exercise of honest judgment on his part, and the method so chosen is one recognized and approved by reasonably skilled attorneys practicing in the community as a proper method in the particular case, though it might not meet with the unanimous approval of such attorneys. It is enough if the method chosen has the approval of at least a respectable minority of such attorneys who recognize it as a proper method.

The defendants contend this instruction is an incorrect statement of the law. We find the instruction in essence to be correct but incomplete in that it fails to incorporate the necessary standard for the performance of professional services, as heretofore stated.

The plaintiffs, however, contend that the trial court erred in submitting the issue of negligence to the jury, since the questions relating to negligence were all questions of law. We do not agree. There are material factual issues in this case which are properly for the jury's determination under appropriate instructions.

In view of our disposition of this case we need not consider the remaining contentions raised on this appeal.

The judgment of the trial court upon the jury verdict for the plaintiffs is reversed, and the cause is remanded for a new trial on all issues.

Costs will abide the final determination of the cause.

Rosellini, Hamilton, and Neill, JJ., and Evans, J. Pro Tem., concur.