### In re John E. Kasper

[451 A.2d 1125]

No. 85-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

34

*Martin & Paolini*, Barre, for Petitioner-Appellant.

*Mark J. Keller*, Chittenden County State's Attorney, *Harold E. Eaton, Jr.*, Chief Deputy State's Attorney, and *Deborah O. Frankel*, Deputy State's Attorney, Burlington, for Respondent-Appellee.

Hill, J. On April 1, 1980, the appellant filed a petition for post-conviction relief under 13 V.S.A. § 7131. The basis of his claim was that his trial attorney did not provide effective assistance of counsel, thereby abridging his rights under the Sixth and Fourteenth Amendments to the United States Constitution and under article ten of chapter one of the Vermont Constitution. This is an appeal from the decision of the Chittenden Superior Court denying the petition for relief. We affirm.

We will review the relevant facts of this case in the context of the appellant's specific allegations of counsel error. We begin by noting the standards for evaluating the validity of final convictions and the effectiveness of counsel.

██ A petition for post-conviction relief must satisfy several requirements to justify vacating a conviction:

> The moving party must establish the infirmity of the conviction by a preponderance of the evidence. Post-conviction relief is not a vehicle for reexamining guilt or innocence, but is designed to correct fundamental errors. Post-conviction relief is not a substitute for appeal. Absent exigent circumstances, a matter adversely decided on direct appeal cannot be relitigated, and collateral attack is barred if the movant deliberately bypassed the issue on appeal.

*In re Stewart*, 140 Vt. 351, 361, 438 A.2d 1106, 1110 (1981) (citations omitted). The petitioner's burden in the case can be simply stated: he had to establish by a preponderance of the evidence that ineffective counsel caused fundamental errors in his trial.

██ The standards for testing the effectiveness of counsel were fully reviewed by former Justice Larrow in *In re Cronin*, 133 Vt. 234, 336 A.2d 164 (1975). His opinion reviewed Vermont case law and harmonized the apparent inconsistencies between our articulated standard for reviewing these claims and our actual practice. Some of our opinions noted that counsel would be held to be ineffective only if the representation had been "so rife with shortcomings and of such low caliber as to amount to no representation." *In re Murphy*, 125 Vt. 272, 274, 214 A.2d 317, 318 (1965). Yet, the standard actually employed for reviewing the effectiveness of counsel is that of "reasonable competence" as measured by the prevailing standards in the conduct of the defendant's case. See *In re Cronin, supra*, 133 Vt. at 238–39, 336 A.2d at 167–68. This standard was explicitly adopted by this Court in the *Cronin* case, and governs the instant appeal.[1] We conclude that it is appropriate

---

[1] Thus we reject the State's contention that *State* v. *Smith*, 140 Vt. 247, 261, 437 A.2d 1093, 1100 (1981), alters the rule of *Cronin*. Like the

under both the United States Constitution and article ten of chapter one of the Vermont Constitution. See *State* v. *Badger*, 141 Vt. 430, 447–49, 450 A.2d 336, 346–47 (1982). We now turn to the specific claims in this case.

On April 15, 1979, this Court affirmed the conviction of the petitioner for two counts of assault and robbery. *State* v. *Kasper*, 137 Vt. 184, 213, 404 A.2d 85, 101 (1979). The only issue in this appeal is the adequacy of the petitioner's trial counsel in that case. The petitioner presents eight alleged instances of ineffective counsel.

## 1.

The petitioner attacks his attorney's failure to move for the suppression of testimony identifying the defendant as the assailant. He claims that the witness' identification testimony should have been suppressed as the product of a suggestive photograph array. See *Simmons* v. *United States*, 390 U.S. 377, 384 (1968). The petitioner further claims this Court disapproved his appeal on this point solely because of his counsel's failure to object to the testimony.

We reject the petitioner's claim on this point for two reasons. First, although this Court did note that only glaring error would require reversal of the conviction due to counsel's failure to object, see *State* v. *Kasper, supra*, 137 Vt. at 190–91, 404 A.2d at 89, we nevertheless reviewed the claim. Relying on *Manson* v. *Brathwaite*, 432 U.S. 98 (1977), "our conclusion [was] that the eyewitness' identification—although preceded by a suggestive and unnecessary pretrial identification —was sufficiently reliable for the trial court to submit it to the jury." *State* v. *Kasper, supra*, 137 Vt. at 193, 404 A.2d at 90. Given our resolution of the merits of this issue, the petitioner suffered no prejudice from his lawyer's failure to raise the issue at trial. Second, our decision on the merits of this issue on direct appeal bars relitigation of the claim in a post-conviction relief proceeding. *In re Stewart, supra*, 140 Vt. at 361, 438 A.2d at 1110.

---

numerous examples listed in *Cronin, Smith* recited the "mockery of justice" test, then applied the "reasonable competence" standard. See *id.* Lest there be any doubt, we reaffirm our adherence to the standards outlined in *Cronin.*

**2.**

At the trial, the State introduced evidence that the petitioner had given an allegedly false alibi to a police officer. The petitioner challenges his attorney's failure to object to this testimony, on the ground that there was no evidence of a waiver of his rights under *Miranda* v. *Arizona*, 384 U.S. 436 (1966). He claims that an objection on the basis of *Miranda* could have kept this testimony from the jury.

The unchallenged finding by the lower court on this claim amply supports counsel's failure to raise the *Miranda* issue at trial. The court found: "Counsel and petitioner agreed that if the false alibi was presented as evidence, it would provide the basis for an alibi defense without the defendant having to take the stand." The petitioner here has not challenged the wisdom of this strategy choice, but instead presses the potential for success of a *Miranda* objection at trial. Even if we grant him the benefit of the doubt on his assessment of the *Miranda* objection, the petitioner cannot succeed on this point. Trial counsel's tactical choice is the real issue. Given the wide latitude enjoyed by counsel in the area of strategy, see, e.g., *State* v. *Smith, supra,* 140 Vt. at 261–62, 437 A.2d at 1100; *In re Bousley,* 130 Vt. 296, 303, 292 A.2d 249, 254 (1972), the joint decision of counsel and the petitioner to allow testimony on the false alibi is not grounds for post-conviction relief.

**3.**

The petitioner challenges his attorney's failure to object to the introduction of recorded telephone conversations between him and an informer. The conversations concerned his allegedly false alibi, and took place while the defendant was in custody. Relying on *Massiah* v. *United States,* 377 U.S. 201 (1964), the petitioner claims that these conversations would have been suppressed on a proper motion.

Again, we disagree with the petitioner, as this claim was fully considered and rejected on direct appeal. *In re Stewart, supra,* 140 Vt. at 361, 438 A.2d at 1110. Although we noted on the original appeal that the *Massiah* claim was not properly before us, we nonetheless reached the merits and ruled against the petitioner on this point. See *State* v. *Kasper,*

*supra,* 137 Vt. at 196–97, 404 A.2d at 92–93. Collateral attack on this issue is therefore barred.

4.

The petitioner attacks the failure of his trial attorney to impeach the testimony of a police officer. The testimony concerned a conversation between the petitioner and an informer that the officer claimed he heard through electronic eavesdropping equipment. The petitioner claims that the officer could not have heard the conversation, due to poor radio transmission, and that his version of the conversation came from an informer. The petitioner's attorney began to cross-examine the officer on his relationship to the defendant, but was cut off by an objection. The lower court found that the petitioner's attorney misunderstood the lower court's ruling on the objection, and mistakenly believed that the court had barred cross-examination on this issue. See generally *State* v. *Kasper, supra,* 137 Vt. at 198–99, 404 A.2d at 93–94.

On appeal, the petitioner has not addressed the critical factor that is dispositive on this point. The lower court found that the petitioner's trial attorney "believed that the Officer would be perceived by the jury as a credible witness and that impeachment would not be effective." Moreover, the court found that there was no evidence to support the conclusion that the attorney was mistaken on these issues. Once again, the petitioner cannot attack his attorney for his reasonable tactical decision. See *State* v. *Smith, supra,* 140 Vt. at 261–62, 437 A.2d at 1100; *In re Bousley, supra,* 130 Vt. at 303, 292 A.2d at 254.

5.

The State charged the petitioner as a habitual offender because he did not plead guilty to three robbery charges and give the police information concerning other serious offenses of which he was aware. He challenges his trial attorney for failing to object that the Fifth Amendment to the United States Constitution prohibited these charges. He claims that the habitual offender charges were unconstitutional punishments for the exercise of his right against self-incrimination.

Once again, the petitioner is attempting to resurrect a

claim that died in this Court on direct appeal. This Court noted that the appellant had not raised the Fifth Amendment issue at trial. Nevertheless, we reached the claim and found it to be meritless. See *State* v. *Kasper*, 137 Vt. at 202–03, 404 A.2d at 95–96 (applying *Bordenkircher* v. *Hayes*, 434 U.S. 357 (1978)). Moreover, the lower court specifically found "[n]o credible evidence . . . that the proposed plea agreement required the petitioner to disclose information he might know . . . concerning offenders or offenses . . . in Vermont involving . . . any crime that the petitioner could be implicated in where the self-incrimination consideration might arise." Consequently, the petitioner has for a second time failed to establish a violation of his Fifth Amendment rights.

### 6.

The petitioner challenges his attorney's failure to depose and cross-examine the witness who identified the defendant as the assailant concerning alleged threats against her by the prosecution. The claim is that the prosecutor threatened the witness with criminal charges and the termination of her parental rights, thereby influencing her testimony.

The lower court's unchallenged factual finding on this issue answers this claim: "[The trial attorney] after investigation, found and believed there was no basis for this assertion and he did not cross-examine the witness on this point. No evidence is found that he was incorrect." In light of this unchallenged finding, the petitioner's claim of ineffective counsel on this point is without merit.

### 7.

The petitioner challenges his attorney for "not allowing" him to testify, and for failing to file a motion in limine to exclude his prior convictions for impeachment in the event he had testified. Neither claim is persuasive.

The unchallenged factual finding is that the defendant and his trial attorney agreed that he would not testify for strategic reasons. Given the state of Vermont's law at the time of the 1976 trial, see *State* v. *Manning*, 136 Vt. 436, 438–39, 392 A.2d 409, 410–11 (1978), *overruled in State* v. *Gardner*,

139 Vt. 456, 458, 433 A.2d 249, 250 (1981); *Pond v. Carter*, 126 Vt. 299, 307, 229 A.2d 248, 254 (1967), the trial counsel cannot be faulted for not attempting to exclude the defendant's prior convictions. Moreover, the defendant's decision not to testify was a reasonable strategy, and plainly not the result of ineffective counsel.

8.

 Finally, the petitioner attacks his trial attorney's failure to present several witnesses who would supposedly have presented exculpatory evidence on behalf of the defendant. This claim is also without merit. The trial court found that the trial attorney did not call three of the witnesses because their testimony would have been too vague to assist the petitioner, yet they would have placed the petitioner near the scene of the crime at the time of the crime. Another witness, who purportedly would have contradicted the police officer's version of the eavesdropped conversation, was not presented because trial counsel deemed her potential testimony ineffective to contradict the officer's. The lower court found no evidence to indicate this judgment was erroneous. The petitioner's last contention is that his attorney failed to present evidence of hair samples in hats found near the scene of the robbery. The lower court found that there was no credible evidence relating the hats or the hair samples to the crime. The petitioner's attorney did not consider the evidence valuable, and there was no evidence to contradict his judgment. Consequently, counsel's decision not to present the above evidence was reasonable and therefore immune from collateral attack.

 In summation, the petitioner has now fully explored the competency of his trial counsel. As the foregoing discussion reveals, counsel satisfied the standards outlined in *In re Cronin, supra*. The petitioner has not established any instances of ineffective counsel. Accordingly, the denial of his petition for post-conviction relief was appropriate.

*Affirmed.*