### In re Steve Pernicka

[513 A.2d 616]

No. 85-151

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed June 20, 1986

*Peter F. Langrock* and *James W. Swift* of *Langrock Sperry Parker & Wool*, Middlebury, for Petitioner-Appellant.

*Carol E. Smith*, Franklin County Deputy State's Attorney, St. Albans, for Respondent-Appellee.

**Hayes, J.** Petitioner, Steve Pernicka, appeals the superior court's denial of his motion for post-conviction relief. The issue presented on appeal is whether petitioner had effective assistance of counsel at his sentencing hearing. We affirm.

On October 1, 1981, petitioner was charged with aggravated assault and child abuse for injuring his then seven month old daughter. Petitioner entered into a plea agreement with the state's attorney in which he pled guilty to both charges and took full responsibility for injuring his son as well as his daughter. In return, the State agreed to recommend a suspended sentence with a long term psychiatric treatment program and to bring no further charges. The Franklin District Court rejected the plea agreement on September 7, 1982. Nonetheless, petitioner pled guilty to both charges of injuring his infant daughter.

On November 16, 1982, a sentencing hearing was held. The court asked whether the parties were satisfied with the presentence investigation report (PSI). Petitioner's attorney indicated that, with the exception of one paragraph which he excised, he was satisfied. The PSI contained descriptions of, and repeated references to, injuries inflicted by petitioner on his son, as well as psychologists' reports concerning petitioner's attitude toward these injuries. These descriptions, references, and reports were not objected to.

The court next asked whether the references to petitioner's son, contained in the rejected plea agreement, were relevant to the sentencing hearing. Defense counsel stated that his client was still "standing by" the plea agreement, as far as acknowledging his responsibility for his son's injuries. The court then informed the parties that it had requested the presence of the children's treating physician in order to gain information concerning the extent of the injuries, and an opinion concerning their cause. Counsel for the State and counsel for petitioner both stated they had no objection to the physician's proposed testimony. The physician described the injuries to petitioner's daughter and son, the several times he had been called to give treatment, and his growing suspicions of child abuse. Petitioner's only objection to this testimony was to a description of life-saving surgery performed on petitioner's son following a specific incident of child abuse.

Petitioner was sentenced to serve not less than eighteen months nor more than twenty-four months on the child abuse charge, and not less than twelve nor more than fifteen years on the aggravated assault charge. The sentences were made consecutive. Petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel, the denial of which by the superior court forms the basis of the present appeal.

Petitioner argues that the superior court's decision that petitioner had effective assistance of counsel at his sentencing hearing should be reversed because it was unsupported by the evidence. We disagree.

The standard for reviewing claims involving effectiveness of counsel is that of " 'reasonable competence' as measured by the prevailing standards in the conduct of the defendant's case." *In re Kasper*, 142 Vt. 31, 35, 451 A.2d 1125, 1126 (1982). Most recently, we held that "the appropriate standard of care to which a lawyer is held in the performance of professional services is 'that degree of care, skill, diligence and knowledge commonly possessed and exercised by a reasonable, careful and prudent lawyer in the practice of law in this jurisdiction.' " *Russo* v. *Griffin*, 147 Vt. 20, 24, 510 A.2d 436, 438 (1986) (quoting *Cook, Flanagan & Berst* v. *Clausing*, 73 Wash. 2d 393, 395, 438 P.2d 865, 867 (1968)).

The United States Supreme Court has adopted the reasonably effective assistance standard in evaluating attorney performance. See *Strickland* v. *Washington*, 466 U.S. 668, 688 (1984) (the performance inquiry in a case presenting an ineffectiveness

claim "must be whether counsel's assistance was reasonable considering all the circumstances."). The Court reasoned that, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 688-89.

A petitioner alleging ineffective assistance of counsel must establish by a preponderance of the evidence that ineffective counsel caused fundamental errors in his sentencing. See *In re Kasper, supra,* 142 Vt. at 35, 451 A.2d at 1126. The United States Supreme Court in *Strickland* set forth a similar requirement where it held that "actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice." *Strickland, supra,* 466 U.S. at 693.

In determining whether assistance of counsel is reasonably competent, "[t]his Court is not permitted to judge from hindsight whether tactical decisions are ultimately successful in determining claims of attorney competence; rather, we must look to whether such decisions are within the range of competence demanded of attorneys in a criminal case at that time." *In re Mecier,* 143 Vt. 23, 32, 460 A.2d 472, 477 (1983) (citing *In re Cronin,* 133 Vt. 234, 239-40, 336 A.2d 164, 168-69 (1975)). The Court in *Strickland* enunciated a similar view:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .

*Strickland, supra,* 466 U.S. at 689 (citations omitted).

■ Applying these standards to the facts of this case, we conclude that petitioner was not denied effective assistance of counsel. Petitioner maintains that he was deprived of effective assistance of counsel when his attorney failed to object to hearsay evidence of abusive behavior towards his son contained in the testimony of the physician and in the PSI report. In deciding whether petitioner's counsel's assistance was reasonable, we must consider all the circumstances. Our review of the record makes it clear that petitioner and his counsel deliberately plotted a defense strategy which involved petitioner accepting responsibility for his abusive conduct toward his infant son in the hope of convincing the sentencing court of his remorse and efforts toward rehabilitation.

Furthermore, even if we were to assume that petitioner's claim has some merit, petitioner has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Petitioner voluntarily pled guilty to the crimes of child abuse, 13 V.S.A. § 1304, and aggravated assault, 13 V.S.A. § 1024, which provide for penalties of up to two years and up to fifteen years, respectively. The sentencing judge, in his discretion, imposed the maximum penalties allowed under the statutes. Petitioner discloses nothing to establish that, but for his attorney's failure to object to the hearsay evidence, there was a reasonable probability that the result of the sentencing would have been different. Even if no evidence had been presented as to the injuries to petitioner's son, enough other evidence existed to justify the sentence petitioner received. This other evidence showed a deliberate, purposeful, continued pattern of unabated child abuse. By the time petitioner's daughter was seven months old, she had suffered numerous injuries, including a severely split tissue of the upper lip, painful bruises to the cheek and eye, bruises to the forehead and ear, seriously fractured ribs, and a fractured left arm.

Petitioner's reliance on *State* v. *Williams,* 137 Vt. 360, 406 A.2d 375 (1979), for the proposition that a sentencing court should not consider mere assertions of criminal activity is misplaced. We recently reexamined *Williams* in *State* v. *Ramsay,* 146 Vt. 70, 499 A.2d 15 (1985). This Court held in *Ramsay* that when " 'mere assertions of criminal activities' are . . . supported by *factual information,* then the evidence should be considered by the sentencing court, after timely disclosure and an opportunity to rebut." *Id.* at

81, 499 A.2d at 22 (citation and footnote omitted) (emphasis in original).

In the instant case, assertions of injuries to petitioner's son were disclosed in the PSI report. Petitioner, through his counsel, admitted causing the injuries to his son and daughter, and claimed full responsibility for them. Furthermore, petitioner's counsel actually did object to the physician's testimony as to what happened to petitioner's son after the injuries occurred. The sentencing judge, in his discretion, overruled the objection and allowed the testimony to continue. Petitioner had an opportunity to rebut. His counsel cross-examined the physician without refuting the doctor's testimony of injuries for which petitioner had admitted responsibility. Thus, the evidence of injuries to petitioner's son was properly considered by the sentencing court.

Petitioner also argues that he was denied effective assistance of counsel when his attorney did not permit his client to direct his defense at a crucial stage of his case. This argument has no merit. The record makes it clear that petitioner and his counsel decided to acknowledge petitioner's responsibility for the injuries to his son. Thus, petitioner did, in fact, exercise his right to direct his defense. A reasonable basis existed for the course chosen by his counsel. Petitioner cannot now claim that his attorney's conduct was deficient simply because it did not produce the desired result.

Finally, we find no merit in the assertion that the superior court erroneously relied upon this Court's earlier decision in *In re Pernicka*, 144 Vt. 319, 478 A.2d 224 (1984).

*Affirmed.*