## In re Wayne Hatten

[592 A.2d 896]

No. 90-304

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed April 19, 1991

*Michael Rose*, St. Albans, for Petitioner-Appellant.

*Joel Page*, Lamoille County State's Attorney, Hyde Park, and *Gary S. Kessler*, Supervising Appellate Prosecutor, and *Geoffrey M. Coan*, Student Intern, Department of State's Attorneys, Montpelier, for Respondent-Appellee.

**Allen, C.J.** Petitioner appeals from denial of post-conviction relief, claiming ineffective assistance of counsel at sentencing, after pleading nolo contendere to charges of careless and negligent driving of a motor vehicle resulting in the death of a person, 23 V.S.A. § 1091(c). We affirm.

Petitioner, following departure from a local ski area, was involved in a high-speed accident that injured him seriously and killed his passenger. The affidavit of probable cause alleged that petitioner and his companion had consumed alcohol prior to leaving the ski area and that he had driven his automobile in a wild and grossly dangerous manner. His vehicle collided with another at the so-called Playhouse curve on Route 108, sliding 141 feet and coming to rest sideways in the northbound lane, where it was struck on the passenger side by a pickup truck, causing the passenger's death. Petitioner was charged with manslaughter, DUI—fatality resulting, DLS, and a misdemeanor charge of careless and negligent driving.

Petitioner retained an attorney from his home state of Connecticut. It is his representation at sentencing that petitioner claims was ineffective. While his representation prior to sentencing was not attacked as ineffective, the post-conviction relief court found that "[d]uring the pre-trial discovery phase, the petitioner's attorney provided vigorous and skillful representation. He took over forty depositions, filed numerous motions (one of which resulted in the suppression of a blood test result) and filed two interlocutory appeals."

Prior to trial, the manslaughter charge was replaced with the charge under § 1091(c). All the remaining charges, except the misdemeanor charge of careless and negligent driving, were dismissed. Thereafter petitioner and the State reached a plea agreement under which he would plead nolo contendere to the § 1091(c) charge, and the State would recommend a sentence of three-to-five years, all suspended except for ninety days to serve. The remaining misdemeanor charge would be dismissed.

During a subsequent status conference, the state's attorney outlined the plea agreement to the trial judge. The trial judge at that time indicated that it was "very unlikely" she would accept the agreement, based on her knowledge of the case from the affidavit of probable cause. Nevertheless, she indicated that she "might buy it given whatever evidence you want to produce."

Petitioner entered a plea of nolo contendere. After hearing testimony from the other accident victims and arguments of counsel, and receiving letters of attestation and a sympathetic psychological evaluation, the trial judge refused to accept the plea agreement because of the seriousness of the offense. She stated that she would impose a sentence of two-to-ten years, all suspended except for two years to serve. She gave petitioner the weekend to decide whether to accept the sentence or withdraw his plea and proceed to trial.

Petitioner deliberated over the weekend and contacted other attorneys, including a public defender. When he returned to court after the weekend, his Connecticut attorney argued that the evidence was inconclusive as to who was at fault in the first collision and that the evidence showed that the other driver could have avoided the second collision. His attorney referred to a written report of the petitioner's accident reconstruction expert, who had concluded that it was impossible to determine which of the vehicles in the initial collision had been left of center and that the second vehicle should have been able to take evasive action. However, his attorney did not present this expert or introduce his report into evidence. The state's attorney made representations as to the State's evidence, answering in response to a question from the bench that petitioner's automobile was travelling at "60–65, probably in excess of 65."

Having taken into consideration petitioner's attorney's representations, the trial judge maintained her decision to reject the plea agreement and to impose the sentence as announced. She informed petitioner that "I am not looking at the collision as a piece of pie in assigning fault in various proportions to people, okay? . . . I'm only looking at your conduct, the results coming from your conduct." She offered petitioner the opportunity to withdraw his plea, but after consulting with counsel, petitioner declined to do so. The judge imposed the sentence of

two-to-ten years, all suspended except for two years to serve. Petitioner subsequently moved for sentence reconsideration, employing a new lawyer who stated that "at this time, we are aware of no grounds which would invalidate the Defendant's change of plea."

With a third attorney, petitioner sought post-conviction relief on grounds that he had declined to withdraw his plea because neither he nor his parents had the financial resources to proceed to trial and that his Connecticut attorney would not provide effective assistance. In addition, he argued that his attorney had provided ineffective assistance of counsel at sentencing, mainly because of his failure to introduce the evidence of the accident reconstruction expert. At this hearing petitioner presented this accident reconstruction expert, who offered accident testimony favorable to petitioner, and a Vermont attorney who opined that petitioner's attorney at sentencing had provided ineffective assistance because he had failed to call the accident reconstruction expert as a witness or offer his written report into evidence.

The court concluded that petitioner had made a rational decision to maintain his plea based on a number of factors, including the strength of the State's case, the possibility of conviction after trial, the possibility of a sentence of up to fifteen years, the stress of trial, and the expense of trial. The court concluded that there was no evidence that petitioner had pled to the offense under any undue pressure and that he was "aware of all his options." The court also rejected petitioner's claim that he had received ineffective assistance of counsel, stating that "under the circumstances, the court cannot conclude that counsel's performance fell below acceptable standards." The court stated further that "the petitioner has not shown that the result of the sentencing would have been any different . . . if counsel had presented the live witness or his written report." The court denied post-conviction relief and petitioner's motion for a new trial or relief from judgment. The present appeal followed, limited solely to the issue of whether petitioner had received ineffective assistance of counsel at sentencing.

■ Petitioner argues first that the post-conviction relief court failed to make adequate findings on the issue of the effectiveness of counsel's assistance. This is a curious argument in

the context of extremely careful and thorough findings by the court. The court's findings recounted the testimony of the expert witness attorney who testified that petitioner's attorney had provided ineffective assistance of counsel. In its conclusions the court reviewed the controlling legal standards and then stated:

> Based on these standards, the court is not prepared to conclude that Mr. Solomon provided ineffective assistance. While he did not call the expert as a witness or offer his report, he did describe clearly the essence of the expert's findings. And the court took counsel's representations into consideration. . . . Under the circumstances the court cannot conclude that counsel's performance fell below acceptable standards.

Petitioner's point on appeal is reduced to a complaint that the missing "findings" were actually included in the court's conclusions, with which they are inextricably intertwined. Whatever the labels, the court's analysis is thorough and detailed. There was no want of adequate findings.

 Nor did the court err in applying the substantive standards for claims of ineffective assistance of counsel. A petitioner alleging ineffective assistance of counsel must prove by a preponderance of the evidence that ineffective counsel caused fundamental errors that prejudiced his case. *In re Pernicka*, 147 Vt. 180, 183, 513 A.2d 616, 618 (1986). Attorneys must exercise reasonable competence "as measured by the prevailing standards in the conduct of the defendant's case." *In re Kasper*, 142 Vt. 31, 35, 451 A.2d 1125, 1126 (1982). The appropriate standard of care is "that degree of care, skill, diligence and knowledge commonly possessed and exercised by a reasonable, careful and prudent lawyer in the practice of law in this jurisdiction." *Russo v. Griffin*, 147 Vt. 20, 24, 510 A.2d 436, 438 (1986) (quoting *Cook, Flanagan & Berst v. Clausing*, 73 Wash. 2d 393, 395, 438 P.2d 865, 867 (1968)). On appeal, this Court evaluates counsel's competency by reviewing the record as a whole. *In re King*, 133 Vt. 245, 248, 336 A.2d 195, 198 (1975). The record does not support petitioner's contention of ineffective assistance. We agree with the post-conviction relief court that the record of the proceedings below indicates that petitioner had benefit of a highly trained and competent attorney.

As to prejudice, our independent review of the record puts us squarely in agreement with the post-conviction relief court's conclusion that the result of the sentencing would not have been any different if counsel had presented the live witness or his written report. It is clear from the trial judge's statements at the sentencing hearing that she considered what that evidence would have shown and that the decision on sentencing did not depend on whether that testimony was presented on the record. The judge based the sentence on the egregiousness of defendant's conduct, and assignment of fault to other parties involved in the accident would not diminish this egregiousness. In sum, petitioner has not shown "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Pernicka*, 147 Vt. at 184, 513 A.2d at 618 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

*Affirmed.*