# In re Jamie L. Ross, Sr.

[605 A.2d 524]

No. 90-141

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed February 7, 1992

*E.M. Allen,* Defender General, and *Jeffrey Dworkin,* Prisoners' Rights Office, Montpelier, for Petitioner-Appellee.

*Edward D. Sutton,* Chittenden County Deputy State's Attorney, Burlington, for Respondent-Appellant.

**Gibson, J.** The State appeals a superior court order granting petitioner Jamie Ross post-conviction relief in the form of a new trial. The court found petitioner had been denied effective assistance of counsel during his sexual assault trial because his counsel failed to object to expert testimony concerning the credibility of the child victim. We affirm.

### I.

In 1985, petitioner was convicted and sentenced to eight-to-fifteen years in prison after a two-day trial. The State introduced evidence to show that petitioner had sexually assaulted the victim, his niece, in her parents' home when she was seven, two years earlier. The defense denied any assault and argued

that the victim had been assaulted repeatedly by her father.* The State called as witnesses the victim, her younger brother, two foster parents who cared for her after she had been removed from her parents' home, and a psychologist with experience in child sexual abuse issues, Dr. Pamela Langelier.

In a pretrial motion, petitioner's counsel sought to prevent the State from introducing expert testimony on the credibility of the victim. Seven months before trial, a judge other than the trial judge denied the motion on the basis that expert testimony would aid the jury because the credibility of the victim was at issue. Nonetheless, at a conference in chambers immediately prior to trial, the trial judge asked the State whether Dr. Langelier would testify "on the ultimate issue of credibility." The State responded, "No, she's not. . . . The State in no way is going to solicit testimony on the credibility issue. We understand how bad that is."

Dr. Langelier, however, proved to be an eager witness. During direct examination, she testified that part of her job was to "address the question whether or not children are telling the truth." In her opinion, she continued, children the victim's age generally do not fantasize about sexual contact with adults, and they do not "go around accusing their parents or other people of doing something to them." Concerning petitioner's alleged assault, Dr. Langelier concluded that the victim "remembered it clearly and it looks like it was twice if not more."

Petitioner's counsel did not object, thus failing to preserve the issues relating to Dr. Langelier's testimony for review on appeal. As a result, defendant could argue on appeal only that the testimony had been improperly admitted under the stringent plain-error standard. *State v. Ross*, 152 Vt. 462, 468, 568 A.2d 335, 339 (1989); *State v. Senecal*, 145 Vt. 554, 557–58, 497 A.2d 349, 351 (1985).

In *State v. Catsam*, 148 Vt. 366, 370–71, 534 A.2d 184, 187–88 (1987), decided nearly two years after petitioner's trial, this

---

* The father was convicted in July 1985 of sexually assaulting his daughter. At his trial, defense counsel objected to the admission of expert testimony concerning the credibility of the victim, and the conviction was reversed by this Court in an unpublished entry order. *State v. Ross*, No. 86-017 (Vt. Mar. 8, 1988). The order held that admission of the expert testimony was improper and could not be considered harmless error.

Court ruled that the State could not introduce expert testimony supporting the credibility of child sexual-abuse victims, either by direct comment or by describing a class of truthful witnesses and then placing the witness in that class. We held that, "[s]ince this type of evidence may unduly influence the jury's judgment with regard to the truthfulness of the complaining witness, it is not admissible." *Id.* at 371, 534 A.2d at 188. In *Ross*, we stated, "In effect, the testimony [of Dr. Langelier] was a summation of the witness's own observations and records, including what the victim herself had said about what had happened to her. To the extent that the testimony amounted to a comment on the credibility of the victim, it would ordinarily be inadmissible." *Ross*, 152 Vt. at 468, 568 A.2d at 339.

We nonetheless found that admission of the testimony did not constitute plain error, which would be found "'only in a rare and extraordinary case where the error is an obvious one,' and only if the error affects substantial rights of the defendant." *Id.* (quoting *State v. Ramsay*, 146 Vt. 70, 75, 499 A.2d 15, 18 (1985)).

## II.

Petitioner now argues he was denied effective assistance of counsel, to his prejudice, by his trial counsel's failure to object to Dr. Langelier's testimony, and thus is entitled to a new trial. See *In re Pernicka*, 147 Vt. 180, 183, 513 A.2d 616, 618 (1986); *In re Kasper*, 142 Vt. 31, 35, 451 A.2d 1125, 1126 (1982).

A criminal defendant's right to reasonably effective assistance of counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Chapter I, Article 10 of the Vermont Constitution. We apply the same test under each constitution to determine whether the right to reasonably effective assistance of counsel has been violated. *Kasper*, 142 Vt. at 35–36, 451 A.2d at 1126. A defendant who challenges the adequacy of his counsel's assistance must show by a preponderance of the evidence, first, that counsel's conduct fell below the prevailing standard of a reasonably competent attorney, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Pernicka*, 147 Vt. at 182, 513 A.2d at 617, and, second, that counsel's failure to meet that standard prejudiced the defendant such that there is "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been differ-

ent.'" *Pernicka*, 147 Vt. at 184, 513 A.2d at 618 (quoting *Strickland*, 466 U.S. at 694). Evaluation of defense counsel's performance must be "highly deferential" to the judgment of counsel in light of the circumstances at the time. *Strickland*, 466 U.S. at 689. It is easy to find fault with the benefit of hindsight, and courts must thus accord counsel's conduct "a strong presumption that [it] falls within the wide range of reasonable professional assistance." *Id.*

After a hearing on petitioner's post-conviction relief claims, the superior court found that petitioner's criminal trial counsel knew of the developing body of law prohibiting expert testimony on the credibility of child sexual-abuse victims and that Dr. Langelier was prone to deliver such testimony; that defense counsel have a duty to preserve issues for appeal; that petitioner's counsel did not take advantage of opportunities to do so by objecting or moving for a mistrial; and that there was no tactical reason to support this failure. On this basis, the superior court concluded that the failure of petitioner's counsel to object to Dr. Langelier's testimony fell below the standard of a reasonably competent attorney at the time of trial and that there was a reasonable probability that the outcome of petitioner's trial would have been different had counsel made a timely objection to Dr. Langelier's testimony.

Whether the failure to object in the present case was conduct that fell below the standard of a reasonably competent defense attorney in Vermont in 1985 is a close question, but we think evidence supports the superior court's conclusion. See *In re Fadden*, 148 Vt. 116, 119, 530 A.2d 560, 562 (1987) (post-conviction findings measured by clearly erroneous standard). The State argues that petitioner's counsel could not have known, at the time petitioner was convicted, that this Court would so strongly condemn expert testimony on the credibility of child sexual-abuse victims. Although it is true that *Catsam* was not yet decided, petitioner's counsel himself had raised and briefed the issue before petitioner's trial, citing authority relied upon in the *Catsam* decision. Further, even the State had conceded immediately before trial that such testimony was improper. On these facts, we find no error in the court's conclusion.

■ The evidence also supports the conclusion that there was a reasonable probability that the outcome of petitioner's trial would have been different had counsel challenged Dr. Langelier's testimony. The State presented her testimony at the end of its case, and the testimony prejudiced petitioner by improperly bolstering the victim's testimony. See *Catsam*, 148 Vt. at 370–71, 534 A.2d at 187–88. The fact that the conviction in a companion case was overturned on the basis of defense counsel's objection to the admission of similar expert testimony underscores our conclusion. See footnote *. In that case, we were unable to hold that the error was harmless. Inasmuch as the record herein contains no stronger extrinsic evidence of guilt, we must agree with the trial court. See *id.* at 372, 354 A.2d at 188 (admission of this type of expert testimony might be harmless in a case in which there was ample extrinsic evidence of guilt).

Because petitioner has met the test set forth in *Strickland* and *Pernicka*, he is entitled to a new trial.

*Affirmed.*