**STATE of Vermont v. Darrin D. JUDKINS**

[641 A.2d 350]

No. 91-423

December 17, 1993. Defendant appeals his conviction for delivery of cocaine in violation of 18 V.S.A. § 4231(b)(1). He alleges (1) that the trial court erred in admitting a recording of a conversation between defendant and a police informant, and (2) that defense counsel's failure to object to admission of this evidence on constitutional grounds amounted to ineffective assistance of counsel. We affirm.

On January 18, 1990, a police informant went to defendant's apartment and purchased two grams of cocaine. The informant used a concealed device to record their conversation in the apartment; no warrant was issued for the taping. Defendant

did not seek suppression of the taped evidence in the pretrial motions hearing. At trial, defense counsel questioned the foundation for admission of the taped conversations, but made no other objections to their admissibility on constitutional or any other grounds. The evidence was admitted, and defendant was found guilty and sentenced.

Defendant argues first that the court erred in admitting the recording of the conversation because it was the product of warrantless electronic monitoring conducted in his home in violation of Chapter I, Article 11 of the Vermont Constitution. See *State v. Blow*, 157 Vt. 513, 520, 602 A.2d 552, 556 (1991). Defendant acknowledges that *Blow* was not decided until after the conclusion of his trial, sentencing and the filing of a notice of appeal in this case. He also concedes that trial counsel never raised the constitutional issue, but asserts that the court nevertheless should have refused to admit the tape-recorded evidence sua sponte.

Since the constitutional issue was not raised at trial, we will review the admission of this evidence only for plain error. *State v. Weeks*, 160 Vt. 393, 400, 628 A.2d 1262, 1266 (1993); *State v. Schmitt*, 150 Vt. 503, 505, 554 A.2d 666, 667 (1988). Plain error occurs only in rare and extraordinary circumstances, in which the asserted error is both obvious and prejudicial. *Weeks*, 160 Vt. at 400, 628 A.2d at 1266. An obvious error "must be one that the trial court should easily recognize." *Id.*

Defendant argues that the trial court should have foreseen our decision in *State v. Blow* and suppressed the taped evidence as the fruit of a violation of Chapter I, Article 11 of the Vermont Constitution. But it cannot be said that any of our earlier decisions dictated the result in *Blow*, or

that its holding was otherwise so transparent as to put the trial court on notice. For example, in *State v. Brooks* we upheld monitoring by police which resembled the practices rejected in *Blow* in many important respects. 157 Vt. 490, 493–94, 601 A.2d 963, 964–65 (1991). Moreover, almost without exception, the jurisdictions that considered the same issue prior to *Blow* affirmed the constitutionality of the warrantless recordings. The United States Supreme Court had upheld this type of participant electronic monitoring in a defendant's home. See *United States v. White*, 401 U.S. 745, 753 (1971) (plurality decision). Twenty-five states had adopted the federal approach. See *People v. Collins*, 475 N.W.2d 684, 696 n.48 (Mich. 1991) (listing cases). Only two had found this method of evidence gathering unconstitutional. See *State v. Glass*, 583 P.2d 872, 880 (Alaska 1978); *Commonwealth v. Blood*, 507 N.E.2d 1029, 1031–39 (Mass. 1987). Considered in this context, the taped conversation in this case could reasonably have been admitted into evidence. Even assuming the admission was error, it was not so egregious and obvious as to meet the threshold of plain error.

Defendant next argues that he was denied the effective assistance of counsel because trial counsel failed to question the constitutionality of warrantless electronic monitoring conducted in the home. Generally, the question of ineffective assistance of counsel is limited to petitions for post-conviction relief (PCR). See *State v. Gabaree*, 149 Vt. 229, 232–33, 542 A.2d 272, 274 (1988); 13 V.S.A. § 7131.* Unless the question of effec-

---

* Defendant intimates that our decision in *State v. McCarthy*, 156 Vt. 148, 589 A.2d 869 (1991), sanctions, or even prefers, resolution of claims

tive representation is raised at trial and ruled on by the court—an unlikely scenario where there is no substitution of counsel during trial—there are no findings on the question and no record on which this Court can determine if a trial judge erred in weighing the competence of counsel in the context of specific errors asserted. *State v. Durling*, 140 Vt. 491, 497–98, 442 A.2d 455, 458 (1981).

A review of our standard for granting PCR on the basis of ineffective representation of counsel underscores this point. In order to obtain such relief, a petitioner is required "to establish, by a preponderance of the evidence, that fundamental errors rendered his conviction defective." *In re Liberty*, 154 Vt. 643, 644, 572 A.2d 1381, 1382 (1990) (mem.). It must first be shown that counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *In re Pernicka*, 147 Vt. 180, 182–83, 513 A.2d 616, 617–18 (1986). A petitioner must then show actual prejudice—a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Pernicka*, 147 Vt. at 183, 513 A.2d at 618. Without a record, this

---

of ineffective assistance of counsel via appeal, rather than PCR. Nothing in *McCarthy* supports this inference. We simply explained that "the existence of a plain error doctrine indicates a preference for resolving obvious errors on direct appeal from criminal convictions, rather than going through a separate, and often duplicative, post-conviction proceeding to address the same issue." *Id.* at 158 n.2, 589 A.2d at 875 n.2.

Court cannot adequately assess the merit of the ineffective counsel claim. Therefore, we do not decide the question here.

*Affirmed.*