Davis v. State, No. 664-10-10 Wrcv (Teachout, J., Nov. 29, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                            **CIVIL DIVISION**
**Windsor Unit**                                                                  **Docket No. 664-10-10 Wrcv**

**Melissa Davis**
          **Petitioner**

**v.**

**State of Vermont**

### Decision on State's Motion for Summary Judgment, filed August 5, 2011 (#5)

Petitioner Melissa Davis seeks post conviction relief on the grounds that her trial attorney provided ineffective assistance of counsel and that her guilty plea was involuntary.  She specifically faults her trial attorney for failing to conduct discovery, allowing her case to languish on the docket even though she was incarcerated, failing to communicate effectively with her about the case, failing to investigate new charges before negotiating a plea deal, and failing to present certain witnesses at sentencing.  In its present motion for summary judgment, Defendant State of Vermont argues that Petitioner has not adduced sufficient evidence to establish any of these claims by a preponderance of the evidence.  See *In re Pernicka*, 147 Vt. 180, 183 (1986) (explaining that petitioners bear the burden of proof in post-conviction proceedings).

At the outset, it must be noted that review of the summary-judgment record is complicated because neither party has provided a "separate, short, and concise statement of the material facts" that consists of "numbered paragraphs" and contains "specific citations to the record," as required by Vermont Civil Procedure Rule 56(c)(2).  Both parties instead filed lengthy factual narratives that do not distinguish between the material facts and the background facts, thus making it extremely difficult to (1) identify the facts that are truly material to the resolution of the issues presented, and (2) determine whether the material facts are genuinely disputed or not.  See *State v. Great Northeast Productions, Inc.*, 2008 VT 13, ¶ 6, 183 Vt. 579 (mem.) (explaining that compliance with Rule 56(c)(2) fosters better motion practice and adjudication because it "focus[es] more directly the arguments on motions for summary judgment by requiring specifications by the parties as to the facts that they contend either are or are not in dispute") (quoting Reporter's Notes, V.R.C.P. 56, 1995 Amendment).  It is also difficult to identify the legal theories that the parties are relying upon in support of their arguments.

Even after distilling the arguments and narratives to the extent possible, there appear to be certain factual disputes at the heart of the case.  Petitioner focuses upon her contentions that her trial attorney allowed her case to languish on the docket for more than six months while she was incarcerated, and that this time became "dead time" that was not meaningfully credited towards her minimum sentence because of certain programming requirements that were incorporated into her plea deal.  She implies that a more effective advocate would have brought about a faster resolution by exerting more pressure upon the process.  She also claims that her attorney failed to investigate new charges that were brought forward during the plea negotiations, and that her attorney failed to communicate effectively with her during the plea negotiations, thus allegedly constituting both ineffective assistance of counsel and impacting the voluntariness of her eventual plea.  See *In re*

*Fuller*, 135 Vt. 575, 581 (1977) (explaining that the voluntariness of a plea may be undermined where the defendant was not advised by her trial attorney of all the pertinent options). It appears that she is supporting her claims with references to transcripts from underlying hearings, the deposition testimony provided by her trial attorney, and certain inferences derived from the evidentiary record.

In its motion for summary judgment, the State argues that it is entitled to judgment as a matter of law on the issue of voluntariness because Petitioner stated on the record during the plea colloquy that she was voluntarily entering into the plea. It is of course true that an assertion of voluntariness in open court is "cogent evidence against later claims to the contrary," *In re Hall*, 143 Vt. 590, 596–97 (1983) (quotation omitted), but such an assertion does not necessarily preclude a later claim that the voluntariness of the plea was undermined by a failure on the part of the trial attorney to convey information that would have been relevant to the decision to enter the guilty plea. It appears that the content and effectiveness of the plea-related communications between Petitioner and her attorney remain a disputed area for purposes of summary judgment.

The State also argues that there was no prejudice in the delay in the proceedings because negotiations were taking place throughout that time, and because the plea offer was "pre-discovery," meaning that the "favorable" terms of the offer would no longer be available if defendant pursued depositions or requested disclosure of the identity of the confidential informant. Here, there seem to be disputed facts regarding the plea negotiations and other events that transpired between the time of the filing of the discovery stipulation in January 2010 and the change of plea hearing in June 2010, as well as a dispute as to whether any delay resulted in otherwise avoidable "dead time." On these issues, the parties' respective factual narratives focus on such different facts that it is impossible for the court to determine whether any given material fact is disputed or not.

Finally, the State argues that there was no error in failing to present certain sentencing witnesses because the plea deal was for a fixed sentence that did not provide Petitioner with an opportunity to argue for a lesser sentence at the time of sentencing. It does not appear that any of the underlying facts here are undisputed, but neither party has shown expert testimony or legal authority to establish whether or not trial counsel's performance at sentencing "fell below an objective standard of reasonableness informed by prevailing professional norms." *In re Dunbar*, 162 Vt. 209, 212 (1994). It is not possible for the court to determine the issue as a matter of law in the absence of any evidence explaining the appropriate standard of care that should have been followed under the circumstances. See *Price v. Leland*, 149 Vt. 518, 521 (1988) (explaining that the party moving for summary judgment bears the burden of establishing that there is "a valid legal theory that entitles the moving party to judgment as a matter of law")

**ORDER**

Defendant State of Vermont's Motion for Summary Judgment (MPR #5), filed August 5, 2011, is ***denied***.

Dated this 28th day of November, 2011.

_____
Hon. Mary Miles Teachout
Superior Court Judge

2