
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| Thomas J. Stevenson, Personal Representative Of The Estate of Lorna Stevenson, | ) ) ) | No. 35970-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| Brent T. Stanyer and Douglas, Eden, Phillips, DeRuyter and Stanyer, P.S., | ) ) | |
| | ) | |
| Petitioner. | ) | |

KORSMO, J. — Attorney Brent Stanyer and his firm (Stanyer) were granted

discretionary review of the trial court's refusal to dismiss at summary judgment this legal

malpractice action brought by the estate of one of his clients. Stanyer contends that no

material questions of fact exist concerning the scope of his representation. We agree and

reverse.

FACTS

In late 2015, Stanyer was engaged to review the will, codicil, power of attorney,

and health care directive of Lorna Stevenson. Ms. Stevenson was 92 at the time she

engaged Mr. Stanyer; she empowered her son, Thomas Stevenson, to communicate with

Stanyer.  Mr. Stevenson subsequently became the personal representative of her estate and is the plaintiff in this action.

Stanyer received a listing of Ms. Stevenson's assets and then met with both Lorna and Thomas Stevenson to review the existing documents and discern his client's wishes. He then prepared an updated will, power of attorney, and health care directive.  Ms. Stevenson executed those documents February 1, 2016.  The will left her estate in equal shares to her two children, Thomas Stevenson and Louise Everett.

One of the assets Stanyer had reviewed was a trust of which Lorna Stevenson was trustee.  The primary asset of the trust was a lake home in Idaho that Ms. Stevenson and her husband, Dr. Richard Stevenson, had placed in trust decades earlier.  Upon Dr. Stevenson's death in 1989, the trust sheltered the property from estate taxes.  The trust held the lake property for the benefit of Lorna Stevenson; upon her death, it was to pass in equal shares to Mr. Stevenson and Ms. Everett.

Lorna Stevenson died August 6, 2016.  Stanyer was requested to begin the probate process.  Upon learning that he and his sister would face significant capital gains taxes upon sale of the lake property, Mr. Stevenson hired another lawyer to represent the estate. He eventually initiated this malpractice action as personal representative of Lorna's estate.

The essence of the complaint was that Stanyer should have advised Lorna Stevenson to have entered into an agreement with the trust beneficiaries to dissolve the

2

trust and take the lake property as her personal asset. In theory,[1] the transfer would increase the basis in the lake home now owned by Lorna, but the increased basis would be sheltered from federal estate taxes by the significant increase in the estate exemption since the creation of the trust.[2] The damages were estimated to be $159,000 in capital gains taxes to be paid by the beneficiaries.

Stanyer eventually moved for summary judgment, arguing that any tax burden arising from the property passed by Dr. Stevenson's trust was beyond the scope of his representation of Lorna Stevenson. The children were not his clients and the tax burden was not that of Lorna's estate.

Concluding that material questions of fact existed concerning whether Stanyer was requested to give tax advice, the trial court denied summary judgment. Stanyer sought discretionary review, which our commissioner granted. The commissioner noted that there was no evidence indicating that Lorna intended Stanyer to give tax advice for the benefit of the trust beneficiaries.

A panel considered the matter without hearing oral argument.

---

[1] Stanyer disputes the efficacy of this approach. This appeal does not require this court to weigh in on the topic.

[2] The federal exemption was $225,000 when the trust was created. That amount had risen to $5,000,000 by 2016.

No. 35970-1-III
*Stevenson v. Stanyer, et al.*

ANALYSIS

The dispositive issue presented is whether the record suggests that Stanyer owed a duty to consider the tax consequences of Lorna Stevenson's will on her beneficiaries.[3] There is neither a factual nor a legal basis for so concluding. We initially consider the governing legal standards before turning to the question of duty.

Appellate courts review summary judgment rulings under well settled standards. The reviewing court sits in the same place as the trial court and applies de novo review. *Hubbard v. Spokane County*, 146 Wn.2d 699, 706-707, 50 P.3d 602 (2002), *overruled on other grounds by Rose v. Anderson Hay & Grain Co.*, 184 Wn.2d 268, 358 P.3d 1139 (2015). The moving party bears the initial burden of establishing that it is entitled to judgment because there are no disputed issues of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). If a defendant makes that initial showing, then the burden shifts to the plaintiff to establish there is a genuine issue for the trier of fact. *Id.* at 225-226. The plaintiff may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, it must put forth evidence showing the existence of a triable issue. *Id.*

---

[3] Accordingly, we need not address Stanyer's additional argument that the estate suffered no damages from the alleged attorney error.

4

The elements of a legal malpractice action are: (1) an attorney-client relationship that gives rise to a duty of care, (2) an act or omission by the attorney in breach of that duty, (3) damage to the client, and (4) proximate causation between the breach of duty and the damage incurred. *Hizey v. Carpenter*, 119 Wn.2d 251, 260-261, 830 P.2d 646 (1992). The standard of care is uniform throughout the state of Washington: "that degree of care, skill, diligence and knowledge commonly possessed and exercised by a reasonable, careful and prudent lawyer in the practice of law in this jurisdiction." *Cook, Flanagan & Berst v. Clausing*, 73 Wn.2d 393, 395, 438 P.2d 865 (1968).

It is the first of these elements that is at issue in this case. Stanyer denies that tax advice for the trust beneficiaries was within the scope of his attorney-client relationship with Lorna Stevenson; he was hired to update Lorna's estate plan and effectuate her desire that the two children take equally from her estate. The estate argues that while the estate is the only client, basic estate planning includes tax planning and required Stanyer to advise Lorna about the possibility of converting the trust property to her personal property in order to enhance her estate and pass more of it to her heirs.

Stanyer expressly denies that he was asked to undertake any tax work on behalf of the beneficiaries and notes that the trust asset was not the property of Ms. Stevenson. Clerk's Papers (CP) at 34. Mr. Stevenson stated in his affidavit that he was familiar with his mother's retention of Mr. Stanyer and was present during their meetings. He then states: "At the time of Mr. Stanyer's retention it was my mother's intent that her death

5

not result in a taxable event either to her estate or the beneficiaries of her estate." CP at 112-113.

The problem for the estate is that Mr. Stevenson's affidavit does not state that his mother's intent was ever expressed to Mr. Stanyer. It states that he was present when his mother and Mr. Stanyer met, and it states that she intended that there be no tax consequences from her death. There simply is no indication that her desire to avoid tax consequences for the children was ever communicated to Mr. Stanyer. Similarly, the e-mail communications between Stanyer and Stevenson, offered into the record by both parties, do not mention the issue of tax advice.

Similarly, neither party has provided authority suggesting that estate planning advice necessarily encompasses consideration for the tax consequences faced by the beneficiary.[4] Indeed, the question of whether the estate or the beneficiary was to bear the tax consequences could easily create a conflict of interest for an attorney trying to represent the interests of both.

The estate failed to present evidence showing that Stanyer was asked to engage in an analysis of the best way for the beneficiaries to receive the trust asset. Since the lake property was not an asset of Ms. Stevenson's, and Stanyer was never hired to give advice concerning her trusteeship, it also is difficult to see how any general duty to provide tax

---

[4] It is easy to foresee that such an obligation could become very onerous if there were numerous beneficiaries and assets.

No. 35970-1-III
*Stevenson v. Stanyer, et al.*

advice for her estate would encompass tax advice for the beneficiaries of the trust she controlled.

The estate did not establish the existence of a material question of fact concerning Stanyer's representation of Ms. Stevenson and her estate. Summary judgment should have been granted.

The ruling of the trial court is reversed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, C.J.