2007 VT 51

**In re Gregory FITZGERALD**

[945 A.2d 825]

No. 05-347

¶ 1. November 13, 2007. Petitioner Gregory FitzGerald appeals from a superior court order granting the State's motion for summary judgment and dismissing his petition for post-conviction relief from a 1994 conviction of first-degree murder. Petitioner contends the court erred by (1) shifting the burden of proof from the State to the petitioner on his claims of prosecutorial misconduct and ineffective assistance of counsel and (2) declining to resentence petitioner in accordance with the United States Supreme Court ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner raises several additional claims in a separate pro se brief. We reverse the court's ruling on several of the ineffective assistance of counsel claims, and affirm in all other respects.

¶ 2. Following a ten-day trial, petitioner was convicted of the first-degree murder of his wife and sentenced to life imprisonment without parole. We affirmed the conviction in *State v. FitzGerald*, 165 Vt. 343, 683 A.2d 10 (1996), which sets forth the facts underlying the crime. In brief, the record evidence showed that, in 1993, defendant was living in Texas while his wife attended graduate school in Vermont. Defendant had misled his wife to believe that he was enrolled at the University of Texas when, in fact, he had been dismissed. He had also maintained a secret relationship with another woman for several years. On the morning of May 8, 1993, neighbors heard crashing noises and the sound of a woman screaming coming from the condominium of petitioner's wife in Shelburne. Her body was discovered the following day; an autopsy revealed that she had been asphyxiated. Evidence showed that defendant had engaged in an elaborate scheme during the week preceding the murder to conceal his involvement in the crime, including driving with a friend from Texas to Connecticut and then immediately taking a round trip flight to Texas and back, and finally driving from Connecticut to Vermont the evening before the murder. A friend of petitioner and a cousin both testified as to statements that petitioner had made admitting to the murder and revealing details of the crime.

¶ 3. Petitioner raised three claims on direct appeal, asserting that the trial court erred in admitting certain statements allegedly obtained in denial of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), failing to voir dire the

jury about the alleged misconduct of an alternate juror, and (as asserted in a separate pro se brief) denying a motion for judgment of acquittal based on the State's alleged failure to establish that the victim had died on the date alleged. We affirmed the judgment, rejecting each of the claims. *FitzGerald*, 165 Vt. at 346-50, 683 A.2d at 13-16. Thereafter, petitioner filed a pro se petition for post-conviction relief, which he subsequently twice amended. Appointed counsel also filed an original and amended petition on petitioner's behalf.

¶ 4. The petitions together raised no less than thirty separate claims divided into four general categories: prosecutorial misconduct, consisting of essentially five separate claims; ineffective assistance of trial counsel, comprising eighteen instances of alleged error; ineffective assistance of appellate counsel, with six claims; and sentencing error, based on the United States Supreme Court decision in *Apprendi*. In June 2003, the State moved for summary judgment. In its motion, the State denied error as to each claim and also asserted that any error could not have affected the outcome of the case, citing in many instances to the trial record to support its arguments. Petitioner filed a pro se opposition and an opposition by counsel, to which the State responded, again citing to the trial record.

¶ 5. In April 2005, the court issued a written opinion, granting the State's motion. The lengthy decision addressed each of petitioner's claims individually, concluding in each instance that the record evidence did not support the contention or that any error could not have prejudiced petitioner. The court denied a subsequent pro se motion for relief from judgment. This appeal followed.

¶ 6. With two limited exceptions discussed below, petitioner does not challenge the trial court's disposition of any specific claim. Rather, petitioner broadly contends the court erred in granting the motion for summary judgment because, as he argues, the State's "assertions merely deny the allegations of the petition without provision of, and citation to, supporting materials." Accordingly, he maintains that the court improperly shifted the burden of proof from the State to petitioner. See *Pierce v. Riggs*, 149 Vt. 136, 138, 540 A.2d 655, 656 (1987) (the party moving for summary judgment must meet its initial burden of showing an absence of disputed material facts before the opposing party is required to come forward with opposing affidavits or other evidence which raises a dispute as to the facts at issue). Petitioner's argument, however, is based on a false predicate; the State's motion *was* supported by documentary evidence, consisting of specific references to the trial record. As to certain claims, the State relied on the record to demonstrate that the allegations were factually unsupported. For example, petitioner alleged that the prosecutor had knowingly made false representations to the court in a motion in limine seeking the introduction of potential hearsay statements by defendant's friend and traveling companion, Richard Rodriguez. In its motion, the State asserted that any alleged misrepresentations were harmless because no hearsay statements by Rodriguez were introduced. Petitioner opposed the motion, citing to other portions of the trial record, but the court found nothing in the record to support the claim.

¶ 7. In other instances, the State cited the trial record to show that the alleged error could not have prejudiced petitioner. For example, petitioner claimed that the prosecutor engaged in misconduct by failing to disclose all of the police investigators' field notes before trial. The State argued, and the court below found, that any error was harmless in light of the record showing that petitioner's counsel was provided the notes during trial and

offered an opportunity for a continuance, which counsel declined. Petitioner also claimed prejudicial error resulting from the State's belated, post-trial disclosure of some detectives' notes, in particular a note indicating that petitioner left a message on the victim's answering machine on the morning of May 7, 1993, the day before the murder, suggesting — according to petitioner — that he was in Texas at the time. The State argued, and the court found, that any error was harmless in light of several facts evident from the record. First, petitioner's presence in Texas on the morning of May 7 was not particularly exculpatory, since the State's evidence indicated that petitioner flew from Texas to Connecticut that day. Second, petitioner had been provided a transcript of the conversation prior to trial. Finally, petitioner presumably knew the date and content of the telephone conversation in any event.

¶ 8. Courts routinely rely on the trial record to conclude that allegations raised in a post-conviction relief proceeding either lack a factual basis or could not have affected the outcome. See, e.g., *State v Yoh*, 2006 VT 49A, ¶¶ 28-30, 180 Vt. 317, 910 A.2d 853 (rejecting allegations that defense counsel rendered ineffective assistance in failing to file a motion to suppress or request a proper instruction where the trial record showed no reasonable probability of a different result absent the omissions); *In re Koveos*, 2005 VT 28, ¶ 7, 178 Vt. 485, 872 A.2d 321 (mem.) (upholding trial court's conclusion that although counsel was ineffective in failing to exclude a deposition, "exclusion of the videotaped deposition would not have affected the outcome of the trial, given the other evidence supporting the jury's verdict"); *In re Hatten*, 156 Vt. 374, 379, 592 A.2d 896, 899 (1991) (holding that our "review of the record puts us squarely in agreement with the post-conviction relief court's conclusion that the result of the sentencing would not have been any

different if counsel had presented" certain evidence); *In re Rebideau*, 141 Vt. 254, 260, 448 A.2d 144, 148 (1982) (concluding that even if petitioner's claim of prosecutorial misconduct were true, the result would not have been different given that the evidence of guilt at trial "was overwhelming and uncontradicted"). Therefore, we find no merit to petitioner's general assertion that the State failed to adduce evidence to support its motion for summary judgment or that the court improperly shifted the burden of proof to petitioner.

¶ 9. Apart from asserting, incorrectly, that the State adduced no evidence to support the motion, petitioner's only specific complaint with respect to the court's handling of the prosecutorial misconduct claims is that the State improperly failed to file an affidavit from the trial prosecutor denying the use of false evidence or the intentional withholding of exculpatory evidence. A motion for summary judgment need not, however, be accompanied by affidavits where, as here, other documentary evidence is adduced to support the motion. V.R.C.P. 56(a) (party may "move with or without supporting affidavits for a summary judgment"). Furthermore, the court ruled that any error based on the prosecutor's alleged misrepresentations or belated disclosures could not have affected the outcome of the trial. Thus, the absence of an affidavit denying misconduct was immaterial to the ruling.

¶ 10. As for the eighteen separate claims of ineffective assistance of counsel, we note that the great majority are premised on trial or appellate counsel's alleged omissions in neglecting to pursue issues relating to the prosecutor's asserted misconduct. Having largely failed to raise or demonstrate error in the trial court's conclusion that the misconduct claims lacked merit, petitioner's derivative ineffective-assistance claims must similarly fail.

¶ 11. Petitioner does specifically assert, however, that the State's motion was in-

sufficient to refute his claims that trial counsel failed to conduct a pretrial investigation, prepare a defense, or interview witnesses. As to these assertions, the court concluded that, having "provided no evidentiary support beyond conclusory allegations in response to the State's summary judgment motion, [petitioner] has not met this burden." The difficulty with the court's reasoning here is that the State carried the *initial* burden on summary judgment of adducing evidence to show that counsel's performance was either not deficient, or that there was no reasonable probability the outcome would have been different absent the alleged deficiencies. *Pierce*, 149 Vt. at 138, 540 A.2d at 656. In its motion, however, the State set forth only conclusory statements that petitioner "will be unable to prove" that defense counsel failed to conduct an adequate investigation, present a defense, or interview witnesses, or alternatively that such omissions had no reasonable probability of affecting the outcome of the case. See *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (petitioner in post-conviction relief proceeding bears burden of demonstrating that counsel performed below an objective standard of reasonableness, and that the substandard performance resulted in prejudice). The State adduced nothing to support these assertions; it submitted no portions of the trial record, affidavits from defense counsel describing his trial-preparation efforts or from other attorneys attesting to the adequacy of those efforts, or any other materials. Hence, we must conclude that the court erred in granting summary judgment on these specific claims.

¶ 12. Petitioner additionally contends the court erred in finding that he was not entitled to retroactive application of the United States Supreme Court decision in *Apprendi*, and in rejecting his related claim that trial and appellate counsel were ineffective in failing to anticipate the *Apprendi* ruling and raising the issue at trial and on direct appeal. *Apprendi* held that, under the Sixth Amendment, any fact other than a prior conviction that exposes the defendant to a sentence in excess of the statutory maximum must be found by a jury, not a judge, and established beyond a reasonable doubt. 530 U.S. at 490. The Supreme Court subsequently applied *Apprendi* to facts subjecting a defendant to the death penalty, *Ring v. Arizona*, 536 U.S. 584, 602 (2002), and facts permitting a sentence in excess of the "standard range" under a state's sentencing guidelines. *Blakely v. Washington*, 542 U.S. 296, 303-05 (2004). In *State v. Provost*, 2005 VT 134, ¶ 17, 179 Vt. 337, 896 A.2d 55, we relied on *Apprendi* and *Blakely* to declare unconstitutional the sentencing process in 13 V.S.A. § 2303. That statute, applicable at the time of petitioner's sentencing, provided that the sentencing court weigh aggravating and mitigating factors not found by a jury beyond a reasonable doubt in deciding to impose a sentence greater than the presumptive statutory minimum.

¶ 13. Although a newly announced rule of criminal procedure applies to all cases then pending on direct appeal, it does not apply to final judgments except in limited circumstances. *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). As to final judgments, a new criminal rule is retroactive only if it can be characterized as "substantive," i.e., affecting the range of conduct or the class of persons the law punishes, or if it undermines the fundamental fairness or accuracy of the criminal proceeding. *Id.* Applying this standard, the federal courts have comprehensively reviewed whether *Apprendi* and its progeny should be applied retroactively, and have uniformly held that they declared new procedural rules implicating no issues of fundamental fairness or fact-finding accuracy, and are therefore not retroactive. See generally *United States v. Stoltz*, 149 F. App'x 567, 569 (8th

Cir. 2005) ("Every circuit court to consider the issue has held that *Blakely* is not retroactive."); D. Bentsen, Note, *Beyond Statutory Elements: The Substantive Effects of the Right to a Jury Trial on Constitutionally Significant Facts*, 90 Va. L. Rev. 645, 687 (2004) ("Every circuit that has dealt with the problem has determined *Apprendi* to be a procedural rule that does not rise to the level of a watershed rule" and thus have adopted a "unanimous rejection of retroactive effect for *Apprendi*"). Furthermore, the United States Supreme Court has specifically rejected retroactive application of its decision in *Ring*, which applied *Apprendi* to invalidate an Arizona statute that permitted the trial judge to determine the presence or absence of aggravating factors for imposition of the death penalty. In *Summerlin*, the Court held that *Ring* was properly classified as procedural, explaining that "[r]ules that allocate decisionmaking authority in this fashion are prototypical procedural rules." 542 U.S. at 353. The Court also held that its earlier decision raised no issue of fundamental fairness or accuracy in the trial proceeding. *Id.* at 356-57.

¶ 14. This Court has similarly held that the *Provost* line of cases should not be applied retroactively to convictions on collateral appeal. *State v. White*, 2007 VT 113, ¶ 13, 182 Vt. 510, 944 A.2d 203. Agreeing with the federal courts that "[n]either the accuracy nor the fundamental fairness of defendants' convictions was brought into question by the constitutional concerns raised in the *Provost* decision," we too declined to apply retroactively the rule announced in *Provost*. See also *State v. Sears*, 2007 VT 112, 183 Vt. ___, 945 A.2d 832 (mem.) (denying defendant's motion for correction of sentence based on *White*).

¶ 15. In light of this overwhelming authority, we find no basis to disturb the court's ruling that petitioner was not entitled to retroactive application of

*Apprendi* to his conviction, which became final in 1996, four years before the Supreme Court decision.

¶ 16. Nor does the law support petitioner's claim that trial and appellate counsel rendered ineffective assistance by failing to anticipate the high court's *Apprendi* ruling and raise the issue at trial and on direct appeal. Like retroactivity, this argument has been uniformly rejected by every court, state and federal, to consider the issue. See, e.g., *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) (rejecting ineffective assistance claim premised upon counsel's failure to anticipate *Apprendi*); *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (holding that counsel could not be faulted for failing to foresee Supreme Court decision in *Apprendi*); *United States v. Engle*, No. 3:04-924, 2007 WL 951762, at *1 (S.D. W. Va. 2007) (same); *Becerra v. Clarke*, No. 4:02CV3119, 2005 WL 2042311, at *6 (D. Neb. 2005) (same); *Smylie v. State*, 823 N.E.2d 679, 690 (Ind. 2005) (holding that trial counsel did not provide ineffective assistance for proceeding without making a *Blakely* claim before it was decided); *Miller v. Lampert*, 125 P.3d 1260, 1268-69 (Or. 2006) (same). Although, in hindsight, antecedents to the Supreme Court's rulings may be found, this does not render counsels' inability to anticipate and raise the issue a failing "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. We thus find no basis to disturb the court's ruling.

¶ 17. Petitioner's final claims, raised in a separate pro se pleading, require no extended discussion. He contends the court erred in denying his pro se motion for relief from judgment, filed under V.R.C.P. 60(b)(6). The trial court exercises "substantial discretion" in reviewing a motion for relief from judgment, and we will not disturb its ruling unless the record clearly and affirmatively demonstrates that its discretion was abused or withheld. *Tobin v. Hershey*, 174 Vt. 634,

638, 820 A.2d 982, 986 (2002) (mem.). Petitioner's motion here was predicated on his assertion that the summary judgment ruling was the result of his attorney's negligent failure to adduce adequate evidentiary support. The court denied the motion, observing that most of petitioner's claims were not rejected on the basis of a lack of evidence, but an absence of any prejudice or legal support (as in the *Apprendi* claims), and that any evidentiary inadequacies were equally attributable to petitioner, who had participated pro se in drafting the motion and the opposition pleadings. Petitioner has not shown that the court's ruling was patently erroneous or an abuse of discretion.

¶ 18. Petitioner also contends the court erroneously failed to "oversee" the actions of the attorney appointed to represent him in the post-conviction relief proceedings. Petitioner provides no support for the claim. Lastly, petitioner asserts that the court erroneously denied a pro se motion to depose the prosecutors from his trial to establish a record that they had deliberately deceived the court and withheld exculpatory evidence until mid-trial or afer trial. The court's finding that no prejudice resulted from the alleged misrepresentations or late disclosures renders harmless any possible error in this regard.

*The portion of the judgment dismissing petitioner's claims that trial counsel rendered ineffective assistance in failing to conduct a pretrial investigation, prepare a defense, or interview witnesses is reversed, and the matter is remanded for further proceedings. In all other respects, the judgment is affirmed.*