STATE OF CONNECTICUT *v.*
MITCHELL HENDERSON
(AC 31610)

DiPentima, C. J., and Bear and Borden, Js.

Argued January 11—officially released August 2, 2011

*Katharine S. Goodbody*, special public defender, for the appellant (defendant).

*Emily Graner Sexton*, special deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Herbert Carlson*, former supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Mitchell Henderson, appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly dismissed his motion for lack of subject matter jurisdiction. We agree with the defendant's jurisdictional argument. We conclude, however, that as a matter of law, the defendant's motion to correct an illegal sentence must be denied.

In September, 1993, a jury found the defendant guilty of robbery in the first degree, assault in the third degree, threatening and attempt to escape from custody.[1] Following the jury trial, the defendant pleaded guilty, pursuant to the *Alford* doctrine,[2] to two part B informations that had charged him with being a persistent dangerous felony offender under General Statutes (Rev. to 1993)

---

[1] That judgment was affirmed on direct appeal. *State* v. *Henderson*, 37 Conn. App. 733, 658 A.2d 585, cert. denied, 234 Conn. 912, 660 A.2d 355 (1995).

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

§ 53a-40 (a)[3] and (f)[4] and a persistent serious felony offender under General Statutes (Rev. to 1993) § 53a-40 (b)[5] and (g).[6] The defendant did not admit expressly to the provisions of subsection (g) that the public interest would be best served by extended incarceration and lifetime supervision.[7] At the sentencing hearing, the

---

[3] General Statutes (Rev. to 1993) § 53a-40 (a) provides in relevant part: "A persistent dangerous felony offender is a person who (1) stands convicted of . . . robbery in the first . . . degree . . . and (2) has been, prior to the commission of the present crime, convicted of and imprisoned under a sentence to a term of imprisonment of more than one year . . . for the following crimes: (A) The crimes enumerated in subdivision (1) of this subsection . . . ."

[4] General Statutes (Rev. to 1993) § 53a-40 (f) provides in relevant part: "When any person has been found to be a persistent dangerous felony offender, and the court is of the opinion that his history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration and lifetime supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized by . . . section 53a-35a . . . may impose the sentence of imprisonment authorized by said section for a class A felony."

[5] General Statutes (Rev. to 1993) § 53a-40 (b) provides in relevant part: "A persistent serious felony offender is a person who (1) stands convicted of a felony, and (2) has been, prior to the commission of the present felony, convicted of and imprisoned under an imposed term of more than one year . . . for a crime . . . ."

[6] General Statutes (Rev. to 1993) § 53a-40 (g) provides in relevant part: "When any person has been found to be a persistent serious felony offender, and the court is of the opinion that his history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration will best serve the public interest, the court in lieu of imposing the sentence of imprisonment authorized by . . . section 53a-35a . . . may impose the sentence of imprisonment authorized by said section for the next more serious degree of felony."

[7] In *State* v. *Bell*, 283 Conn. 748, 812, 931 A.2d 198 (2007), our Supreme Court stated: "[I]n those cases in which the defendant chooses to waive his right to a jury trial under § 53a-40, the court may continue to make the requisite finding. Additionally, the court properly may impose an enhanced sentence if the defendant admits to the fact that extended incarceration is in the public interest."

In *State* v. *Michael A.*, 297 Conn. 808, 820, 1 A.3d 46 (2010), our Supreme Court noted that, following its decision in *Bell*, "the General Assembly amended § 53a-40 to excise the unconstitutional language from each of the six sentencing subsections . . . and, therefore, the current statute no longer requires a public interest determination."

court noted the defendant's history of criminal convictions and concluded: "So, really, at this point in your life, having received all of the chances that you've received, the court really has no alternative or much of an alternative but then to impose a lengthy sentence of incarceration." On December 14, 1993, the court, *Espinosa, J.*, sentenced the defendant, inter alia, to twenty-five years incarceration for the crime of robbery in the first degree as a persistent dangerous felony offender and to a consecutive sentence of twenty years incarceration, execution suspended after ten years, for the crime of attempt to escape custody as a persistent serious felony offender.[8] Thus the defendant's effective sentence was forty-five years of incarceration, execution suspended after thirty-five years, and five years probation.

On December 9, 2008, the defendant filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22. He alleged that Judge Espinosa had enhanced his sentence[9] on the basis of her finding that an extended incarceration and lifetime supervision would best serve the public interest. The defendant then argued that pursuant to our Supreme Court's opinion in *State* v. *Bell*, 283 Conn. 748, 931 A.2d 198 (2007), which relied on the United States Supreme Court's decision in *Apprendi* v. *New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), such a finding by the trial court, and not the jury, violated his constitutional rights to due process and a trial by a jury.

---

[8] The defendant also pleaded guilty to criminal mischief in the third degree in violation of General Statutes § 53a-117 (a) (1) (A). The court sentenced him to six months incarceration on that count to run concurrently with counts one and two.

[9] In *State* v. *McElveen*, 117 Conn. App. 486, 491, 979 A.2d 604 (2009), cert. granted on other grounds, 294 Conn. 924, 985 A.2d 1063 (2010), this court expressly stated that § 53a-40 "constitutes a sentence enhancement provision, and not an independent criminal offense . . . ." (Internal quotation marks omitted.) See *State* v. *Velasco*, 253 Conn. 210, 225, 751 A.2d 800 (2000).

The state filed a brief in opposition to the defendant's motion, and the court, *Gold, J.*, held a hearing. Thereafter, the court issued a memorandum of decision dismissing the motion to correct an illegal sentence. Specifically, the court concluded that it lacked subject matter jurisdiction because the motion failed "to assert any claim which this court is empowered to consider within the context of a motion to correct." The court reasoned that the sentencing court did not impose an illegal sentence or impose a sentence in an illegal manner; accordingly, it lacked jurisdiction because the defendant's motion fell outside of the purview of Practice Book § 43-22. This appeal followed.

"It is axiomatic that, in a criminal case, the jurisdiction of the sentencing court terminates once a defendant's sentence has begun and a court may no longer take any action affecting a sentence unless it expressly has been authorized to act. . . . Pursuant to Practice Book § 43-22: The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner.

"An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is inherently contradictory. . . . Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . . *State* v. *McNellis*, 15 Conn. App. 416, 444, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988). A defendant properly may challenge his criminal sentence

on the ground that it was imposed in an illegal manner by filing with the trial court a motion pursuant to Practice Book § 43-22. . . . [T]hese enumerated examples [however] would not encompass rights or procedures subsequently recognized as mandated by federal due process. . . . Nor would those examples encompass procedures mandated by state law that are intended to ensure fundamental fairness in sentencing, which, if not followed, could render a sentence invalid. Therefore, the examples cited in *McNellis* are not exhaustive and the parameters of an invalid sentence will evolve. . . . *State* v. *Parker*, 295 Conn. 825, 839–40, 992 A.2d 1103 (2010)." *State* v. *Pierce*, 129 Conn. App. 516, 522–23, 21 A.3d 877 (2011).[10]

To place the defendant's motion in the appropriate context, we briefly digress from our jurisdictional discussion in order to explain his legal theory as to why his sentence was illegal. A discussion of *Apprendi* and *Bell* will facilitate our explanation. In *Apprendi*, the United States Supreme Court presented the issue as "whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt." *Apprendi* v. *New Jersey*, supra, 530 U.S. 469. The court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. . . . [I]t is unconstitutional for a legislature to remove from

---

[10] "Practice Book rules do not [however] ordinarily define subject matter jurisdiction. General Statutes § 51-14 (a) [provides that] . . . [s]uch rules shall not abridge, enlarge or modify any substantive right nor the jurisdiction of any of the courts. . . . Because the judiciary cannot confer jurisdiction on itself through its own rule-making power, § 43-22 is limited by the common-law rule that a trial court may not modify a sentence if the sentence was valid and its execution has begun." *State* v. *Parker*, supra, 295 Conn. 836.

the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." (Internal quotation marks omitted.) Id., 490.

In *State* v. *Bell*, supra, 283 Conn. 784–85, our Supreme Court was presented with the question of whether a trial court's decision to enhance a "sentence as a persistent dangerous felony offender . . . under § 53a-40 (h) violated the precepts of *Apprendi* v. *New Jersey*, supra, 530 U.S. 466, and its progeny." The court concluded that a determination by the trial court, rather than the jury, that an extended period of incarceration would best serve the public interest violated the defendant's constitutional rights under *Apprendi*, and, therefore, a new sentencing proceeding was needed. *State* v. *Bell*, supra, 786. In *Bell*, after the trial court had made this finding, the defendant's sentence was doubled from the maximum term of incarceration for a class B felony. Id., 788.

After discussing *Apprendi* and its progeny, our Supreme Court in *Bell* turned to this state's persistent felony offender statute. Id., 795. It noted that § 53a-40 (h) imposes two preconditions for an enhanced sentence: First, the jury must find that the defendant is a persistent felony offender, and second, the court must find that the defendant's history and character and the nature and circumstances of his criminal conduct indicate that the public interest will be best served by extended incarceration. Id., 796. The court in *Bell* interpreted § 53a-40 (h) as mandating the enhanced sentence after the jury makes the first predicate finding and the court makes the second predicate finding. Id., 800. Because the defendant was exposed to a greater punishment than authorized by the jury's guilty verdict, this statutory scheme was unconstitutional under *Apprendi*. See id., 804. In order to remedy this violation and

to save the statute, our Supreme Court excised the offending language from § 53a-40 (h). Id., 812.

We now return to the present case and set forth our standard of review. A determination of whether the trial court has jurisdiction to consider a motion to correct an illegal sentence filed pursuant to Practice Book § 43-22 presents a question of law, and, therefore, our review is plenary. *State* v. *Lewis*, 108 Conn. App. 486, 488, 948 A.2d 389 (2008); see also *State* v. *Koslik*, 116 Conn. App. 693, 697, 977 A.2d 275, cert. denied, 293 Conn. 930, 980 A.2d 916 (2009). It is clear that "[i]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack." *State* v. *Lawrence*, 281 Conn. 147, 158, 913 A.2d 428 (2007); *State* v. *Koslik*, supra, 699; see also *State* v. *Lewis*, supra, 488 (defendant must demonstrate that motion to correct falls within purview of Practice Book § 43-22 or court lacks jurisdiction to entertain it).

In his appellate brief, the defendant expressly disavows any challenge to the canvass following his *Alford* plea to the part B informations that charged him with being a persistent dangerous felony offender and a persistent serious felony offender. His argument is that he was entitled to have a jury determine whether it would best serve the public interest to enhance the sentences, and, therefore, the sentences were imposed in an illegal manner. He also claims that the sentences exceeded the statutory limit for the crimes for which he was found guilty by the jury. The state counters that the defendant's use of a motion pursuant to Practice Book § 43-22 is improper because the defendant challenges the validity and sufficiency of his plea canvass. We agree with the defendant.

We are mindful of recent decisions where the appellate courts of this state have closely examined the precise nature of the claim raised by a defendant in his or her motion to correct an illegal sentence under Practice Book § 43-22. For example, in *State* v. *Parker*, supra, 295 Conn. 840, the defendant had alleged that he was deprived of the opportunity to review a presentence investigation report and to address certain inaccuracies and that his counsel failed to review the report with him or bring these inaccuracies to the court's attention. The court stated that while due process prevents a court from relying on materially untrue or unreliable information in imposing a sentence, in order to prevail on such a claim, the defendant was required to show that the information contained in the report was materially inaccurate and the sentencing judge relied on that information. Id., 843–44. It further reasoned that there is no authority requiring counsel to review a presentence investigation report with a defendant. Id., 847–48. Additionally, there is no statute or rule of practice requiring the court to make an affirmative inquiry as to the accuracy of the report or to correct all inaccurate information of which it is aware. Id., 849. "The defendant's claimed constitutional basis for jurisdiction—the right not to be sentenced on the basis of inaccurate information—is predicated entirely on this claim that the rules of practice and the statutes afford him a personal right to review, and an opportunity to seek corrections to, the presentence report, a claim that we have rejected." Id., 849–50. The defendant's remaining claim was directed toward the conduct of his attorney, and not the sentencing court, and, therefore, there was no jurisdiction for the trial court to consider the merits of the defendant's motion. Id., 850–52.

In *State* v. *Pierce*, supra, 129 Conn. App. 518, the defendant filed a motion to correct an illegal sentence on the basis that the sentencing court improperly relied

on a presentence investigation report that contained confidential treatment records from an earlier report. In affirming the trial court's conclusion that it lacked jurisdiction over the motion to correct, this court reasoned that the defendant actually was challenging the actions of the probation department in the preparation of the latter report. Because the defendant's claim did not address the actions of the sentencing court, the court lacked jurisdiction to consider its merits. Id., 525–26.

The present case is distinguishable from *Parker* and *Pierce* because the defendant's claims go to the actions of the sentencing court. Specifically, he challenges actions taken by the sentencing court that, although proper at the time, were affected by a subsequent change in the law. We conclude that this case is similar to *State* v. *Koslik*, supra, 116 Conn. App. 693.

In *Koslik*, the defendant was convicted of representing himself falsely as or impersonating a registered home improvement contractor in violation of General Statutes § 20-427 (b) (3) and offering to make home improvements without having a certificate of registration in violation of § 20-427 (b) (5). Id., 695. The court sentenced the defendant to an effective prison term of 180 days and three years probation. Id. The defendant subsequently was arrested for violating his probation. Id. The defendant then filed a motion to correct an illegal sentence, arguing that because violations of § 20-427 (b) (3) and (5) are class B misdemeanors, the term of probation could not exceed two years. Id., 696. Section 20-427 (c) authorizes a probation period of not more than five years if the court finds that the defendant could not repay the victim within the period set forth in General Statutes § 53a-29. Id. The defendant claimed that the sentencing court failed to make such a finding, and, therefore, its sentence of three years probation was illegal. Id.

The state argued that the trial court lacked jurisdiction to consider the defendant's motion to correct an illegal sentence. Id., 697. We concluded that the defendant's claim presented a " 'classic' example" of an illegal sentence; that is, one imposed in excess of the relevant statutory maximum. Id., 700. "Put another way, the defendant argues . . . a sentence of three years of probation is legal if, and only if, the sentencing court makes the required determination regarding repayment to the victim. Absent that determination, any sentence exceeding two years of probation is an illegal sentence because it exceeds the statutory maximum. Regardless of the merits of such a claim, we conclude that the court had jurisdiction to entertain the defendant's motion to correct an illegal sentence." Id.

In the present case, the defendant makes a similar claim regarding his enhanced sentence. He argues that, following the *Apprendi* and *Bell* decisions, he could not be sentenced to a term of imprisonment authorized by the next more serious degree of felony unless the jury, and not the sentencing court, made the required statutory findings. He maintains that because this did not occur, his sentence exceeded the permissible statutory maximum and therefore was illegal. We agree with the defendant that such a claim falls within the trial court's jurisdiction and properly was raised by a motion pursuant to Practice Book § 43-22. Accordingly, we conclude that the trial court improperly dismissed the defendant's motion without considering its merits.

The sole claim raised by the defendant in his motion is that a subsequent change in the law resulted in an illegal sentence. Our task, therefore, is to determine whether, as a matter of law, *Apprendi* and *Bell* should be applied retroactively to the defendant's sentencing.[11]

---

[11] The court noted that as a result of its ruling on the threshold jurisdictional question, it did not need to resolve the question raised by the parties as to whether our Supreme Court's holding in *State* v. *Bell*, supra, 283 Conn. 748, applied retroactively.

Our threshold question is whether the rule of *Apprendi* and *Bell* is procedural or substantive in nature. See *Luurtsema* v. *Commissioner of Correction,* 299 Conn. 740, 753, 12 A.3d 817 (2011). Our review of this question of law is plenary. See *Duperry* v. *Solnit,* 261 Conn. 309, 318, 803 A.2d 287 (2002).

In *Schriro* v. *Summerlin,* 542 U.S. 348, 351, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004), the United States Supreme Court concluded that when it creates a " 'new rule,' " such a decision applies to all criminal cases still pending on direct review, but as to convictions that are final, the new rule applies only in limited circumstances. "New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms . . . as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish . . . . New rules of procedure, on the other hand, generally do not apply retroactively . . . . [R]etroactive effect [is given] to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." (Emphasis in original; internal quotation marks omitted.) Id., 351–52.

In *Schriro,* the Supreme Court then concluded that the *Apprendi* principle, as applied in the context of a death penalty case in *Ring* v. *Arizona,* 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), was classified properly as procedural. *Schriro* v. *Summerlin,* supra, 542 U.S. 353. Specifically, it reasoned: "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules . . . ." Id. The court concluded that the rule of *Ring* was procedural and did not apply

retroactively to cases already final on direct review. Id., 358; see also *In re Fitzgerald*, 182 Vt. 639, 642–43, 945 A.2d 825 (2007) (noting that federal courts have uniformly held that *Apprendi* and its progeny should not be applied retroactively).

Although the defendant argues that *Bell* should be applied retroactively, we are not persuaded. As noted previously, the holding and rationale of *Bell* are premised on the Supreme Court's decision in *Apprendi*. In *Schriro*, the Supreme Court determined that the rule set forth in *Apprendi* and its progeny was procedural and not subject to retroactive application. It follows, therefore, that the rule of *Bell* should receive the same treatment as *Apprendi* and not be applied retroactively. The defendant's brief does not provide us with any basis to reject this syllogism. Accordingly, we conclude as a matter of law that the rule set forth in *Bell* does not apply retroactively. Therefore, the defendant's motion to correct an illegal sentence fails on the merits.

The judgment of the trial court dismissing the defendant's motion to correct an illegal sentence is reversed and the case is remanded with direction to render judgment denying the defendant's motion.

In this opinion the other judges concurred.