140

# STATE OF CONNECTICUT *v.* MARTIN M.*
## (AC 34246)

Lavine, Beach and Schaller, Js.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Argued February 6—officially released June 4, 2013

*James B. Streeto*, assistant public defender, for the appellant (defendant).

*Melissa L. Streeto*, senior assistant state's attorney, with whom, on the brief, was *Maureen Platt*, state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The defendant, Martin M., appeals from the judgment of the trial court denying his motion to correct an illegal sentence, which he filed pursuant to Practice Book § 43-22. On appeal, the defendant claims that his sentence was imposed in an illegal manner because the court imposed sentence on the basis of (1) his kidnapping conviction in this action, which was

reversed, (2) inaccurate information that sexual offenders collectively have relatively higher rates of recidivism and (3) an alleged postjudgment factual finding that he was a "sexual predator." The defendant asks this court to reverse the judgment and remand the case with direction to order a new sentencing hearing as provided in Practice Book § 43-10. We affirm the judgment of the trial court.

The facts giving rise to this case are set forth in *State v. Martin M.*, 115 Conn. App. 166, 168–69, 971 A.2d 828, cert. denied, 293 Conn. 908, 978 A.2d 1112 (2009). Over the course of about six years, the defendant repeatedly sexually assaulted the victim, who was approximately five years old when the assaults began. Id., 168. "After a trial to the jury, the jury found the defendant guilty of two counts of risk of injury to a child [in violation of General Statutes § 53-21], one count of sexual assault in the first degree [in violation of General Statutes § 53a-70 (a) (2)] and one count of kidnapping in the first degree [in violation of General Statutes § 53a-92 (a) (2) (B)]. The defendant was sentenced [by the court, *Prescott, J.*] to twenty years incarceration for sexual assault in the first degree, twenty years incarceration for kidnapping in the first degree and ten years incarceration for each count of risk of injury to a child. The terms of incarceration for the sexual assault and kidnapping were to be served concurrently and the terms of incarceration for each count of risk of injury were to be served concurrently to each other but consecutively to the sexual assault and kidnapping. The total effective sentence was thirty years incarceration." Id., 169.

The defendant appealed to this court. Shortly after his conviction, our Supreme Court changed its interpretation of § 53a-92. See generally *State v. DeJesus*, 288 Conn. 418, 953 A.2d 45 (2008). On the basis of that change in precedent, this court reversed the defendant's conviction of kidnapping and remanded the case for a

new trial on the kidnapping count. *State* v. *Martin M.*, supra, 115 Conn. App. 180. On remand, the state elected not to retry the defendant on the kidnapping charge, and terminated the prosecution by entering a nolle prosequi as to that count. See Practice Book § 39-29 et seq.

Subsequently, the defendant filed an application with the sentence review division for review of his sentence, arguing for a sentence reduction in light of the nolle prosequi. See Practice Book § 43-23 et seq. The defendant raised essentially the same arguments as those he raises in the present appeal. The division, *Alexander, B. Fischer* and *White, Js.*, affirmed the sentence, finding that the sentence was appropriate and not disproportionate. The defendant then filed a motion to correct an illegal sentence, raising the same arguments again. The court, *Damiani, J.*, denied the motion. This appeal followed. Additional facts and procedural history are set forth as necessary.

I

The defendant's first claim is that his sentence was imposed in an illegal manner because Judge Prescott relied on inaccurate information in imposing the sentence. In response, the state contends[1] that the trial

---

[1] The state also asserts that the trial court was without jurisdiction to entertain the motion to correct an illegal sentence. We reject this argument.

Our reasoning is informed by *State* v. *Henderson*, 130 Conn. App. 435, 24 A.3d 35, cert. granted, 302 Conn. 938, 28 A.3d 992, 993 (2011). In *Henderson*, this court concluded that jurisdiction was appropriate because "the defendant's claims go to the actions of the sentencing court. Specifically, he challenge[d] actions taken by the sentencing court that, although proper at the time, were affected by a subsequent change in the law." Id., 445. We conclude that the court had jurisdiction to entertain the defendant's motion "[r]egardless of the merits of such a claim . . . ." Id., 446.

We recognize that our Supreme Court has decided to review this portion of *Henderson*. The first certified question in that appeal is, "Did the Appellate Court properly determine that the defendant's claim fell within the purview of Practice Book § 43-22, and that the trial court had jurisdiction to consider the defendant's motion to correct an illegal sentence?" *State* v. *Henderson*, 302 Conn. 938, 28 A.3d 992, 993 (2011). We also note that our decision is not inconsistent with our Supreme Court's recent precedent in this area.

court properly denied the motion because Judge Prescott in fact did not rely on inaccurate information. We conclude that the trial court properly concluded that Judge Prescott did not rely on inaccurate information in imposing sentence.

We review the relevant legal standards. We review the court's denial of the defendant's motion to correct the sentence under the abuse of discretion standard of review. See *State* v. *Olson*, 115 Conn. App. 806, 811, 973 A.2d 1284 (2009). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *State* v. *Charles F.*, 133 Conn. App. 698, 705, 36 A.3d 731, cert. denied, 304 Conn. 929, 42 A.3d 390 (2012).

Practice Book § 43-22[2] sets forth the procedural mechanism for correcting invalid sentences, and its scope is governed by the common law. *State* v. *Parker*, 295 Conn. 825, 836, 992 A.2d 1103 (2010). A sentence is invalid if it is imposed in an illegal manner. See id., 837; see also Practice Book § 43-22. Within the definition of sentences imposed in an illegal manner, our jurisprudence includes sentences "which violate [a]

---

See *State* v. *Parker*, 295 Conn. 825, 840 n.10, 992 A.2d 1103 (2010) (declining to reach this issue).

Finally, we reject the state's assertion that *this* court lacks jurisdiction to consider the present appeal. The state argues that "this [c]ourt, too, lacks jurisdiction over [this] [i]ssue . . . and should dismiss th[e] issue . . . ." This court has jurisdiction to determine whether a trial court had subject matter jurisdiction to hear a case. General Statutes § 52-263; see also *Fairchild Heights Residents Assn., Inc.* v. *Fairchild Heights, Inc.*, 131 Conn. App. 567, 571, 27 A.3d 467 (2011), cert. granted on other grounds, 303 Conn. 928, 36 A.3d 242 (2012).

[2] Practice Book § 43-22 provides in relevant part: "The judicial authority may at any time correct . . . a sentence imposed in an illegal manner . . . ."

defendant's right . . . to be sentenced by a judge rely-ing on accurate information . . . ." (Internal quotation marks omitted.) *State* v. *Parker*, supra, 839.

To prevail on a claim that a sentence is invalid because a sentencing court relied on inaccurate infor-mation, a defendant "must show . . . that the judge *relied* on that information." (Emphasis in original; inter-nal quotation marks omitted.) Id., 843; see also *State* v. *Collette*, 199 Conn. 308, 321, 507 A.2d 99 (1986). "A sentencing court demonstrates actual reliance on misin-formation when the court gives explicit attention to it, [bases] its sentence at least in part on it, or gives specific consideration to the information before imposing sen-tence." (Internal quotation marks omitted.) *State* v. *Parker*, supra, 295 Conn. 843 n.12.

The evidence at trial supporting the kidnapping charge indicated as follows. At least once a week, the victim would wake up to find the defendant on top of him performing anal intercourse. *State* v. *Martin M.*, supra, 115 Conn. App. 168. When the victim tried to get away, the defendant grabbed him by the arms, held him face down on the mattress and laid on top of him. Id. When the victim told the defendant to stop because it hurt, the defendant replied, " 'Shut up.' " Id. In denying the defendant's motion for a judgment of acquittal, Judge Prescott concluded that the evidence of these facts supported the charge of kidnapping in the first degree pursuant to our Supreme Court's construction of § 53a-92 (a) (2) (B) at that time.[3]

At the sentencing hearing, Judge Prescott reviewed the presentence investigation report and heard from the state, the victim, the victim's guardian ad litem, the

[3] General Statutes § 53a-92 (a) provides in relevant part: "A person is guilty of kidnapping in the first degree when he abducts another person and . . . (2) he restrains the person abducted with intent to . . . (B) accomplish or advance the commission of a felony . . . ."

defendant's counsel and the defendant. Before impos-
ing sentence, Judge Prescott explained his reasoning.[4]

---

[4] Judge Prescott stated in relevant part: "In making my sentencing determi-
nation today I have taken into account the information contained in the
[presentence investigation report], comments from the state, comments
from [the victim], comments from counsel for the defendant, the defendant's
comments, the serious nature of the crime, comments from [the victim's
guardian ad litem], and the lengthy and very troubling record of the
defendant.

"In attempting to fashion an appropriate sentence in this case, I've also
attempted to be mindful of the goals of sentencing, which [are] rehabilitation,
deterrence, and punishment. As everyone knows, the defendant was found
guilty of one count of sexual assault in the first degree, one count of risk
of injury to a minor in violation of [§ 53-21 (a) (1)], one count of risk of
injury to a minor in violation of [§ 53-21 (a) (2)], and kidnapping in the
first degree." The court went on to praise the victim for his courage at
some length.

Then the court addressed the defendant directly: "[T]he considerations
that I've thought about in terms of the sentence primarily relate to your
prior criminal record. You know, you have a history, whether you're in
denial about it or not, of sexually preying on children, and part of my job
as the judge is to make sure that you never have the opportunity to do
something like this to any child again. We . . . all know that sexual preda-
tors have a very bad history of recidivism, and part of my job is to protect
not just [the victim] but all of the children of the state of Connecticut, and
my sentence is going to reflect . . . my concerns about doing that. Not
only do you have a history of . . . sexual abuse, but a history of violence,
particularly domestic violence, and that's certainly . . . a strong factor in
. . . my decision.

"My decision also rests upon the severity of the sexual abuse [of the
victim]. We all heard the . . . medical testimony, which made clear that
this was not an isolated . . . incident, but caused—without going into any
details, which I don't think we need to rehash today—caused serious injury
to [the victim], both physical and emotional, obviously. And you know it
will affect [the victim] for the rest of his life. . . . You treated [the victim]
. . . as an inanimate object that existed solely to meet your base and
depraved needs. . . .

"[A]nother important factor is . . . you've expressed no remorse or an
understanding of the consequences of your action. . . . I also note that
prior prison sentences . . . haven't . . . seemed to have had an effect on
your ability to conform your conduct to the law and to be a . . . productive
member of society.

"In light of all of those considerations, I therefore sentence you . . . to
the custody of the commissioner of correction for a total effective sentence
of thirty years. On the conviction for sexual assault in the first degree, twenty
years to serve, ten years of which is a mandatory minimum. Kidnapping in
the first degree, twenty years. That's to run concurrently with the conviction
for the sex assault in the first degree. Risk of injury to a minor, ten years

Judge Prescott mentioned the kidnapping conviction twice, in rote recitation of the guilty verdict. See footnote 4 of this opinion.

The defendant claims that his sentence falls within the definition of a sentence imposed in an illegal manner because Judge Prescott relied on incorrect information: the defendant's conviction of kidnapping in the first degree, which this court reversed. See *State* v. *Martin M.*, supra, 115 Conn. App. 180. We assume but do not decide that reliance on the subsequently reversed kidnapping conviction constitutes reliance on incorrect information. To prevail on the merits, the defendant must show that Judge Prescott gave explicit attention to the kidnapping count, or based the sentence at least in part on it, or gave specific consideration to it before imposing sentence. See *State* v. *Parker*, supra, 295 Conn. 843 n.12.

Given the facts of this case, we reject the claim that the sentence was imposed in an illegal manner because the record does not reflect that Judge Prescott relied on the reversed conviction of kidnapping when sentencing the defendant. The sentence imposed for kidnapping was to be served concurrently with the sentence imposed for sexual assault, giving the sentence imposed for kidnapping essentially no punitive effect. After conducting a careful review of the sentencing hearing, it is clear that Judge Prescott focused on the sex offenses and considered the danger the defendant posed as a recidivist sex offender—the kidnapping conviction was incidental. See footnote 4 of this opinion. Judge Prescott mentioned the kidnapping count only in rote recitation and never discussed any of its particulars. See id. Aside from a brief colloquy discussing the relevant penalties in the presentence investigation report and a brief mention in the state's summation, the arguments presented

on each. Those are to run consecutively to the sentences on the sex assault and kidnapping for a total effective sentence of thirty years to serve."

at the hearing did not involve the kidnapping conviction. Rather, the arguments concerned the sexual offenses; prior misconduct, including other sex offenses, domestic violence, burglary and violation of a protective order; and the effect of the assaults on the victim and the interests of the victim. The defendant has not shown that Judge Prescott relied on the kidnapping conviction in imposing sentence. See *State* v. *Parker*, supra, 295 Conn. 843.

The defendant argues that *State* v. *Raucci*, 21 Conn. App. 557, 563, 575 A.2d 234, cert. denied, 215 Conn. 817, 576 A.2d 546 (1990), controls the present appeal and requires a resentencing hearing. In *Raucci*, the defendant, Michael Raucci, originally was convicted on four counts, two of which were conspiracy charges. The sentences on two of those counts were to be served consecutively to the sentences on the other two counts. Id., 558. In particular, the sentence imposed for conspiracy to commit burglary in the third degree was imposed consecutively to all of the other sentences. Id. Shortly after Raucci's sentencing, this court clarified that if a defendant is tried on multiple conspiracy counts arising out of a single agreement, then the court must render judgment and impose sentence on only that conspiracy to commit the most serious offense. See *State* v. *Stellato*, 10 Conn. App. 447, 456–57, 523 A.2d 1345 (1987). Raucci filed a motion pursuant to what is now Practice Book § 43-22 to have his conviction of conspiracy to commit burglary in the third degree vacated and to have his sentence reduced. *State* v. *Raucci*, supra, 559. The court vacated the conviction, but instead of reducing the sentence, the court revised the sentences imposed on the conviction of the other three valid counts so as to reflect its original sentencing intent and imposed the same total effective sentence as before Raucci's direct appeal. Id. Raucci appealed to this court from his revised sentence, claiming that the trial court did not have jurisdiction to increase his sentence on the conviction of the

other three valid counts. Id., 560–65. This court disagreed. Id.

What distinguishes the present appeal from *Raucci* is that Judge Prescott did not rely on the reversed conviction of kidnapping in imposing sentence. Cf. *State* v. *Parker*, supra, 295 Conn. 843 (must show court relied on misinformation). In *Raucci*, it was clear that the court relied on the vacated conviction. The sentence that the court imposed on the vacated conviction was *consecutive* to the sentences on all of the other counts. *State* v. *Raucci*, supra, 21 Conn. App. 559. In addition, the record showed that the court depended on the vacated conviction in imposing the intended total effective sentence. Id., 559 n.2. By contrast, there is no indication that Judge Prescott relied on the kidnapping conviction to determine the total effective sentence.

Similarly, we are not persuaded by the defendant's claim that he is entitled to a new sentencing hearing pursuant to the aggregate package doctrine. See id., 560–62. First, the defendant misapprehends the theory: the doctrine concerns review of a *revised* sentence; it does not apply to the present appeal, which concerns whether an *original* sentence was imposed in an illegal manner. It is a tool "to determine the relative severity of successive multicount sentences"; *United States* v. *Vontsteen*, 950 F.2d 1086, 1092 (5th Cir.), cert. denied, 505 U.S. 1223, 112 S. Ct. 3039, 120 L. Ed. 2d 908 (1992); and thereby ensure compliance with the mandate of *North Carolina* v. *Pearce*, 395 U.S. 711, 723–26, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), by prohibiting a court from punishing a defendant for successfully having an original conviction set aside. See *United States* v. *Vontsteen*, supra, 1092–93; see also *State* v. *Raucci*, supra, 21 Conn. App. 561 (discussing competing theories). Second, the defendant does not cite any authority for the proposition that the aggregate package doctrine obviates the requirement that there must be a showing of

*reliance* on misinformation for a court to have jurisdiction to modify a sentence. See *State* v. *Parker*, supra, 295 Conn. 843.

Given the facts in the record before us, we cannot say that the court relied on inaccurate information in imposing its sentence on the defendant. We conclude that the trial court did not abuse its discretion in denying the defendant's motion to correct an illegal sentence.

## II

In the alternative, the defendant further claims that his sentence was imposed in an illegal manner because Judge Prescott relied on an inaccurate understanding that sexual offenders collectively have relatively higher rates of recidivism and an alleged postjudgment factual finding that the defendant was a "sexual predator." The state argues that this court adjudicated these issues in the defendant's direct appeal and that res judicata bars the claims. The defendant counters (1) that the state cannot raise a res judicata claim in the present appeal because (a) res judicata is a special defense that must be pleaded, which the state failed to do, (b) the state did not present its res judicata claim as an alternate ground to affirm the judgment pursuant to Practice Book § 63-4, and (c) the state implicitly waived its res judicata claim; and (2) the doctrine of res judicata is inapposite because the claims in the present appeal are not identical to those raised in the defendant's direct appeal. We conclude that the doctrine of res judicata bars the defendant's claims.[5] Because the doctrine applies equally to both claims, we consider them together.

[5] Judge Damiani denied the defendant's motion on a ground other than res judicata. Nevertheless, we affirm the judgment of denial on this alternate ground. See *State* v. *DeLoreto*, 265 Conn. 145, 153, 827 A.2d 671 (2003) (reviewing court may affirm on dispositive alternate ground supported in record).

A

First, we consider the threshold issue of whether we may consider the state's res judicata claim. "The applicability of . . . res judicata presents a question of law . . . ." *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 601, 922 A.2d 1073 (2007). "Practice Book § 63-4 (a) (1) states that an appellee who 'wishes to (A) present for review alternate grounds upon which the judgment may be affirmed . . . shall file a preliminary statement of issues within twenty days from the filing of the appellant's preliminary statement of the issues.' This court is not precluded, however, from reviewing an alternate ground that was not raised in accordance with Practice Book § 63-4 (a) (1) (A) so long as the appellant will not be prejudiced by consideration of that ground for affirmance." *State* v. *Osuch*, 124 Conn. App. 572, 580, 5 A.3d 976, cert. denied, 299 Conn. 918, 10 A.3d 1052 (2010).

In addition, "ordinarily, an alternate ground for affirmance must be raised in the trial court in order to be considered on appeal." *Vine* v. *Zoning Board of Appeals*, 281 Conn. 553, 568, 916 A.2d 5 (2007). "Only in [the] most exceptional circumstances can and will [a reviewing court] consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court. . . . This rule applies equally to alternate grounds for affirmance." (Citation omitted; internal quotation marks omitted.) *New Haven* v. *Bonner*, 272 Conn. 489, 498, 863 A.2d 680 (2005). Our Supreme Court "also ha[s] held that, [i]f the alternate issue was not ruled on by the trial court, the issue must be one that the trial court would have been forced to rule in favor of the appellee." (Internal quotation marks omitted.) *Vine* v. *Zoning Board of Appeals*, supra, 568–69.

The following procedural facts are relevant to this issue. In November, 2011, the defendant filed the motion

to correct an illegal sentence, which is the subject of this appeal, along with a twelve page memorandum of law in support of the motion. The defendant raised essentially the same arguments as in the present appeal, including accompanying social science evidence supporting his position. The state did not file a memorandum of law in response. In December, 2011, Judge Damiani presided over a brief hearing on the motion; the entire transcript of the hearing spans only four pages. The state argued that the sentence was appropriate under the circumstances. At no point did the state raise a res judicata claim at the hearing.

Although the state did not articulate a res judicata claim before raising the doctrine in its brief to this court and did not raise such a claim at the hearing before Judge Damiani, we conclude that our review would not prejudice the defendant. First, the applicability of res judicata is a pure question of law. *Powell* v. *Infinity Ins. Co.*, supra, 282 Conn. 601. Therefore, we "do not act to usurp or disturb the trial court's discretion . . . by . . . deciding this issue in the first instance . . . because this issue is one [on which] the trial court would have been forced to rule in favor of the appellee." (Internal quotation marks omitted.) *State* v. *Cameron M.*, 307 Conn. 504, 526–27, 55 A.3d 272 (2012), cert. denied, U.S. , 133 S. Ct. 2744, 186 L. Ed. 2d 194 (2013).

The present res judicata claim is analogous to the claim raised in *Vine* v. *Zoning Board of Appeals*, supra, 281 Conn. 568–69: " 'the trial court would have been forced to rule in favor of the [state]' " had the state raised a res judicata claim at trial. Second, like the defendant in *State* v. *Osuch*, supra, 124 Conn. App. 580–81, the defendant in the present appeal had an adequate opportunity to respond in his reply brief, and he did so. Finally, we note that the record is adequate for our review of the claim. See *Vine* v. *Zoning Board of Appeals*, supra, 569. Given these particular facts, we

conclude that the defendant is not prejudiced by our consideration of res judicata as an alternate ground to affirm the judgment of the court.

We are unpersuaded by the defendant's argument that *Anderson* v. *Latimer Point Management Corp.*, 208 Conn. 256, 263–64, 545 A.2d 525 (1988), controls the present appeal because that case is distinguished procedurally from the present one. The defendant relies on language in *Anderson* that "res judicata [is] a legal doctrine which must be specially pleaded." Id., 263. First, the rule is premised on the fact that "[o]rdinarily the doctrine of res judicata operates to preclude the relitigation in one action of a claim or issue that has been determined in a previous, separate action." (Internal quotation marks omitted.) *State* v. *Long*, 301 Conn. 216, 237 n.19, 19 A.3d 1242, cert. denied, 565 U.S. 1084, 132 S. Ct. 827, 181 L. Ed. 2d 535 (2011). We note that "[t]his does not mean . . . that the doctrine cannot operate within the same case." (Internal quotation marks omitted.) Id. Unlike appeals involving the usual application of res judicata, the present appeal concerns a motion to correct an illegal sentence, and such a motion generally does not require pleadings from parties. Second, the procedural facts as between *Anderson* and the present appeal are too distinct for the former to persuade us as to how to resolve the latter. Among other things, *Anderson* did not involve a claim of an alternate ground to affirm pursuant to Practice Book § 63-4 (a) (1) (A).

Finally, the defendant claims that the state has implicitly waived the issue, citing our evolving doctrine of implied waiver under *State* v. *Kitchens*, 299 Conn. 447, 476–83, 10 A.3d 942 (2011), and subsequent cases. "Ordinarily, [w]aiver is a question of fact . . . ." (Internal quotation marks omitted.) *C. R. Klewin Northeast, LLC* v. *Bridgeport*, 282 Conn. 54, 86, 919 A.2d 1002 (2007).

"Waiver is the intentional relinquishment or abandonment of a known right or privilege." (Internal quotation marks omitted.) Id., 87. "Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied. . . . [W]aiver may be inferred from the circumstances if it is reasonable to do so." (Internal quotation marks omitted.) Id.

In the present case, the prosecutor argued only that the sentence was appropriate under the circumstances. Even so, in its preliminary statement of the issues, the state included "[a]ny other alternative ground for affirmance of the judgment of conviction which, upon full review of the record and transcript of proceedings is apparent, or which becomes apparent upon . . . the filing of the defendant's brief." This statement is inconsistent with waiver.[6] Cf. *Webster Bank* v. *Oakley*, 265 Conn. 539, 550, 830 A.2d 139 (2003) (nonwaiver clause is designed to avoid inference of waiver), cert. denied, 541 U.S. 903, 124 S. Ct. 1603, 158 L. Ed. 2d 244 (2004). In addition, Judge Damiani presided over a *brief* hearing *and* denied the defendant's motion. The state had no reason to articulate a res judicata claim at that time, and these circumstances do not reasonably support finding voluntary relinquishment of a known right.

## B

As to the merits of the state's res judicata argument, we reiterate the relevant legal standards. "[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim

---

[6] Although we conclude that the state did not waive its res judicata claim in the present case, our conclusion should not be read to suggest that such boilerplate language automatically absolves the state from its obligation to raise such a claim in its preliminary statement of the issues; Practice Book § 63-4 (a) (1); or from its obligation to raise the claim in the trial court. See *Vine* v. *Zoning Board of Appeals*, supra, 281 Conn. 568.

. . . ." (Internal quotation marks omitted.) *State* v. *Osuch*, supra, 124 Conn. App. 581.

"[D]ue process precludes a sentencing court from relying on materially untrue or unreliable information in imposing a sentence." *State* v. *Parker*, supra, 295 Conn. 843. "The interest in achieving finality in criminal proceedings must be balanced against the interest in assuring that no individual is deprived of his liberty in violation of his constitutional rights. . . . Whether two claims in a criminal case are the same for the purposes of res judicata should . . . be considered in a practical frame and viewed with an eye to all the circumstances of the proceedings. . . . [A reviewing court] should be careful that the effect of the doctrine does not work an injustice." (Citation omitted; internal quotation marks omitted.) *State* v. *Long*, supra, 301 Conn. 237.

"In the criminal context, the doctrine's application depends on whether the present claim is sufficiently similar to the previous claim to warrant [the] giving [of] preclusive effect to the prior judgment." (Internal quotation marks omitted.) Id., 238.

The following procedural facts are relevant to resolving this issue. In the defendant's direct appeal, he claimed "that the [sentencing] court improperly considered the recidivism rate of sexual predators when sentencing him, in violation of his constitutional rights." *State* v. *Martin M.*, supra, 115 Conn. App. 176. Specifically, the defendant argued "that the court improperly labeled him a sexual predator and relied on false information that sexual offenders have high recidivism rates when it determined his sentence." Id. This court was not persuaded by either claim. Among other things, this court concluded that the defendant failed to show "that the trial court substantially relied on the information in determining the sentence," pursuant to *State* v. *Collette*, supra, 199 Conn. 321. See *State* v. *Martin M.*, supra,

177–80. This court also concluded that "the [trial] court's reliance on the high recidivism rate of sexual predators was just one consideration in the court's sentence and not one on which the court substantially relied." Id., 179.

In the present appeal, the defendant claims that Judge Prescott improperly labeled the defendant a "sexual predator" and relied on the ostensibly false belief that sex offenders have a high recidivism rate. The defendant submits copious social science evidence that sex offenders do not actually have a higher rate of recidivism. The defendant again presents arguments that he has satisfied the requirements of State v. Collette, supra, 199 Conn. 308.

We conclude that the defendant seeks to relitigate essentially the same claims that this court decided against him in his direct appeal. As to the defendant's claim that Judge Prescott improperly labeled him a sexual predator, we agree with the defendant's own statement: "[i]n his original appeal, the defendant raised an identical issue." See State v. Long, supra, 301 Conn. 239. He cannot relitigate this claim. As to the defendant's claim that Judge Prescott relied on the ostensibly false belief that sex offenders have a high recidivism rate, the studies that the defendant presents have no bearing on whether Judge Prescott relied on misinformation. See State v. Collette, supra, 199 Conn. 321 (defendant must show trial court "substantially relied" on misinformation in imposing sentence). In the defendant's direct appeal, this court concluded that Judge Prescott did not substantially rely on the recidivism rate of sex offenders in imposing sentence. Assuming without deciding that the studies the defendant cites should be credited, the studies alone do nothing to show that Judge Prescott relied on misinformation and do not provide us with reason to believe application of res judicata could work an injustice in the present

appeal. See *State* v. *Long*, supra, 237. The present claims are sufficiently similar to the defendant's previous claims to warrant giving preclusive effect to the judgment rendered in the defendant's direct appeal. See id., 238.

The judgment is affirmed.

In this opinion the other judges concurred.